**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

CYNTHIA ANNE DIVEGLIA,          :  CIVIL ACTION
                     Plaintiff,  :  NO. 1:CV-00-1342
                                 :
            v.                   :  JUDGE McCLURE
                                 :
NORTHWESTERN MUTUAL LIFE         :
INSURANCE COMPANY,               :
                     Defendant.  :
                                 :

**DEFENDANT'S MOTION IN LIMINE TO PRECLUDE
THE TESTIMONY OF PLAINTIFF'S EXPERT WITNESS
ELLIOT LEITNER, TO PRECLUDE THE ADMISSION OF
PLAINTIFF'S MEDICAL REPORTS AND ARTICLES, TO PRECLUDE
PORTIONS OF PLAINTIFF'S TESTIMONY AND TO PRECLUDE
EXPERT TESTIMONY FROM DR. BORGEN**

Defendant, Northwestern Mutual Life Insurance Company

("Northwestern") hereby moves in limine for an order precluding the testimony of

Plaintiff's expert witness Elliot Leitner and to preclude the admission of plaintiff's

medical reports and articles.  Defendant also moves in limine to preclude any

testimony from Plaintiff regarding the demeanor of Defendant's employees and to

preclude any expert testimony from Plaintiffs' recently identified expert witness,

Dr. Borgen.

Northwestern's Motion in Limine to preclude the testimony of

Plaintiff's expert on the issue of breach of contract should be granted because the

testimony is neither necessary nor helpful as the issues are not complex and the

expert's testimony would usurp the role of the Court to instruct the jury on the

1

applicable law. Further, his opinions are based on factual assumptions that are flatly contradicted by the record. Defendant also moves to exclude the use of Leitner's deposition testimony in lieu of his live testimony because Plaintiff is responsible for his absence.

In addition, Northwestern moves to preclude the admission of Plaintiff's medical reports from Dr. Seidman and Dr. Borgen and three medical journal articles Plaintiff intends to offer into evidence. These reports and articles are hearsay and are therefore inadmissible. Plaintiff has not identified Dr. Seidman, or the authors of the three medical journal articles, as witnesses in this case. Similarly, Plaintiff has not identified any expert medical witness to testify that the medical journal articles are authoritative and that their opinions were based upon the articles. The articles are therefore inadmissible. Further, the opinions contained in the reports would not withstand a <u>Daubert</u> challenge. Defendant also moves to preclude any testimony from Plaintiff regarding conversations she had with its employees. Plaintiff claims that one or more employees were insensitive to her when she spoke with them in July, 1997, one month before benefits were approved and three years before the benefits were denied. These conversations, even if true, are not relevant to the subsequent termination of benefits and are prejudicial.

2

Plaintiff also moves to preclude any expert testimony of Plaintiffs' recently identified witness. Plaintiff failed to identify Dr. Borgen as an expert witness, failed to disclose the information required pursuant to Rule 26 of the Federal Rules of Civil Procedure, and therefore his testimony should be limited to her condition and the treatment he rendered. In short, Dr. Borgen can not render any expert opinion. Further, Dr. Borgen's testimony would not withstand a Daubert challenge.

WHEREFORE, for the reasons set forth above and in the accompanying Memorandum of Law in support of this Motion, Northwestern respectfully requests this Court to grant its Motion in Limine to preclude the testimony of Plaintiff's expert witness Elliot Leitner, to preclude the admission of Plaintiff's medical reports and journal articles, to preclude any testimony from

3

Plaintiff about the demeanor of Northwestern's employees and to preclude any

expert testimony from Dr. Borgen.

Dated:  May _17_, 2004        STEVENS & LEE

By: _____

    E. Thomas Henefer
    Attorney I.D. No. 55773
    Kirk L. Wolgemuth
    Attorney I.D. No. 45792
    111 North Sixth Street
    P.O. Box 679
    Reading, Pennsylvania  19603
    (610) 478-2000


    Attorneys for Defendant Northwestern
    Mutual Life Insurance Company

SL1 195212v1/05843.001