

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

CYNTHIA ANNE DIVEGLIA       §
formerly CYNTHIA ANNE KAYLOR   §
Plaintiff                         §
                           §    Civil Action No.  1 CV-00-1342
                           §
                           §
NORTHWESTERN MUTUAL LIFE    §
INSURANCE COMPANY          §
Defendant                    §    (Judge James McClure)

## PLAINTIFF'S ANSWERS TO DEFENDANT
## NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY'S
## FIRST SET OF INTERROGATORIES
(PER ORDER OF 3-23-04)

     8.  Plaintiff incorporates her prior answer to Interrogatory 8.  However, since that answer, Plaintiff has engaged in a domestic relations practice.  This includes appearances at support hearings, custody conciliations and has conducted one custody trial in January 2003.  Plaintiff files complaints and motions relating to divorce, support and custody.  Plaintiff has attended one mediation with Archie Diveglia in a medical malpractice case in October 2003.  She also attended the mediation in this matter.  In all other respects her practice has remained as set forth in answer 8-10 of the answers dated 01/09/01, except plaintiff's administrative duties are somewhat lesser than they were in January 2001.

     10.  See answer 8.

     12.  See answer 8.  Plaintiff has not had any other trials, arbitrations or mediations. Plaintiff has not conducted any depositions, of any sort.  She has filed motions relating to domestic relations matters and attended conferences related to those, but has done no other motion practice.  Plaintiff, as stated previously, does some negotiations and settlement of motor vehicle cases but to a very limited extent.  Plaintiff conducts no written discovery except as it relates to a recent domestic relations case.

14. See documents attached to Supplemental Responses to Requests for Production of Documents for application for malpractice insurance for 1998, 1999.

18. Plaintiff refers defendant to the Request for Continuance of Disability Benefits forms of Northwestern previously sent and to her deposition for times up to the date of deposition. Since the deposition, Plaintiff 's time has remained approximately the same, but does fluctuate with demand of work. No time sheets of any sort are maintained.

20. This question is difficult to answer with any specificity as stated since the term "money generated" is not defined. The firm received fees many months after cases were settled from work performed before disability payments began. Thus, fees were generated from work previously performed during the time period that Plaintiff was receiving disability payments. For example, a CAT fund case that was negotiated before Plaintiff's disability benefits were paid, generated a fee that was not received until January 1 of the following year, when Plaintiff was on disability. Further, some of Plaintiff's cases were referred to another law firm, and Plaintiff's law firm did receive referral fees, which generated money for the law firm even though Plaintiff did no work while on disability to generate the fees. Until the fall of 2002, Plaintiff cannot recall having any cases that she exclusively worked on, but rather she assisted Archie Diveglia with some of the cases.

It was approximately early fall of 2002, that Plaintiff began to accept domestic work and some personal injuries cases. Because of the overlap of funds generated while Plaintiff was on disability it is nearly impossible to calculate the exact amount of "money generated" exclusively by the Plaintiff, especially in light of the fact that we do primarily work on a contingent fee basis, and for that reason we do not keep time slips.

The office relocated about three years ago and some records remain unpacked. A search will be performed and an estimated calculation will be attempted to set forth the known cases worked on exclusively by Plaintiff, but on cases that were shared, it would be impossible to attribute exactly what portion of the fee was due to work contributions made by Plaintiff. However, that will take more than 20 days to accomplish and so this interrogatory will be timely supplemented. Assuming it means direct fees generated from on a client's case handled exclusively by Plaintiff herself and for work actually performed on cases after disability benefits began, a review and calculation of the Fees Received Journal for the past six years needs to be

done.

Respectfully submitted,

By:

Archie V. Diveglia. Esq.
PA. Attorney I.D. 17140
2 Lincolnway West
New Oxford, Pa. 17350
Telephone: (717) 624- 2500
Fax:   (717) 624-3851

4/12/04

DIVEGLIA AND KAYLOR, P.C.

ATTORNEY IN CHARGE FOR
Plaintiff, Cynthia A. Diveglia

<u>VERIFICATION</u>

These Supplemental Answers to First Set of Interrogatories is based upon information which has been gathered by my counsel in the preparation of the lawsuit. The language of these Supplemental Answers to First Set of Interrogatories is that of counsel and not my own. I have read these Supplemental Answers to First Set of Interrogatories and to the extent that the Supplemental Answers to First Set of Interrogatories is based upon information which I have given to my counsel, it is true and correct to the best of my knowledge, information and belief. To the extent that the content of the Supplemental Answers to First Set of Interrogatories is that of counsel, I have relied upon counsel in making this verification.

This statement and verification is made subject to the penalties of Pa. C.S. SS 4904 relating to unsworn falsification to authorities, which provides that if I knowingly make false averments I may be subject to criminal penalties.

Dated: <u>04/12/04</u>

Cynthia A. Diveglia

## CERTIFICATE OF SERVICE

I, ARCHIE V. DIVEGLIA, attorney for Plaintiff Cynthia A. Diveglia, on this 12th April , 2004, do hereby state that I have served a copy of <u>Plaintiff's Supplemental Answers to Defendants First Set of Interrogatories</u> on  counsel for Defendant by placing a copy of the same in the United States mail, first class, postage prepaid to:


E. Thomas Henefer, Esquire
Stevens & Lee located at
P.O. Box 679
Reading, PA 19603-0679


Respectfully submitted,

By: _____
     Archie V. Diveglia, Esq.
     PA. Attorney I.D. 17140
     2 Lincolnway West
     New Oxford, PA 17350
     Telephone: (717) 624-2500
     Fax: (717) 624-3851

DIVEGLIA AND KAYLOR, P.C.          ATTORNEY IN CHARGE FOR
                                   Plaintiff, Cynthia A. Diveglia