IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CYNTHIA ANNE DIVEGLIA, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | NO. 1: CV-00-1342 |
| v. | : | |
| | : | |
| NORTHWESTERN MUTUAL | : | |
| LIFE INSURANCE COMPANY, | : | |
| | : | |
| Defendant. | : | (Judge McClure) |
| | : | |

## DEFENDANT'S PRETRIAL MEMORANDUM

Defendant, Northwestern Mutual Life Insurance Company ("Northwestern"), submits the following Pretrial Memorandum:

    A.  <u>Statement as to Federal Court Jurisdiction</u>

This Court has jurisdiction of this matter because of the diversity of the parties pursuant to 28 U.S.C. § 1332.

    B.  <u>A Statement of Facts and Contentions as to Liability</u>

This case involves a claim by an attorney for disability benefits as a result of Plaintiff's breast cancer that was diagnosed in April 1997. After the diagnosis of her cancer, Plaintiff immediately had surgery and became disabled as she recovered from the surgery and subsequent chemotherapy treatments. Northwestern found that Plaintiff's claim was valid and began paying total disability benefits.

1

Prior to her disability, Plaintiff spent a minimal amount of time actually trying cases. By February 1998, Plaintiff returned to work part-time and resumed doing many of the tasks she performed pre-disability (research, discovery, settlement negotiations, client meetings, etc.)

Plaintiff's cancer went into remission and plaintiff eventually began working full-time. In fact, in 2001 and 2003, Plaintiff suffered no loss of earnings as compared to her pre-disability income.

Northwestern terminated Plaintiff's benefits effective March 17, 2000. Plaintiff's basis for her total disability claim at that point was that she was unable to perform some of the duties of a trial lawyer, (specifically attending court), because the stress may increase the likelihood of a recurrence of her cancer. Northwestern reviewed her claim and determined medically that it was unfounded. Accordingly, Northwestern terminated benefits.

Defendant contends that the medical restriction prohibiting her from trial work was not appropriate after March 17, 2000. Plaintiff in fact has returned to trial work at least as of January 2003 and her treating physician has acknowledged that he would no longer restrict Plaintiff from trial work.

C.  Statement of Undisputed Facts

A Statement of Undisputed Facts is attached as Exhibit "A."

D.  Description of Damages

Plaintiff is not entitled to any damages because the restriction of no trial work placed upon Plaintiff as of March 17, 2000 was unreasonable and not medically necessary.

In the alternative, if the jury finds that Plaintiff was unable to return to her duties as a trial lawyer, Northwestern believes that Plaintiff, at most, is entitled to partial or proportionate disability benefits. Plaintiff would then have the burden of proof as to the amount of benefits she could claim. Plaintiff, however, has provided inadequate information to make this determination. However, based on the information available, and without waiving the duty on Plaintiff to satisfy her burden of proof, Defendant estimates alleged damages as follows.

During 2000, Plaintiff earned $63,000. Plaintiff's pre-disability base earned income was $9,208 per month. Using earnings of $5,250 per month, Plaintiff could be eligible for a proportionate disability benefit of $24,292 for 2000.

In 2001, Plaintiff's earnings were $129,000 which exceeded her pre-disability base earned income. In 2002, Plaintiff earned $53,300 or $4,441

3

monthly. Using this figure and her base earned income, Plaintiff could be entitled to partial or proportionate disability benefits in 2002 of $36,957.

In 2003, the Plaintiff earned $136,800 which exceeded her pre-disability base income.

    E.  Names and Addresses of Witnesses

1. Cynthia Deveglia
   Two Lincoln Way West
   New Oxford, PA 17350

2. Suzanne Balistreri
   c/o Northwestern Mutual Life Insurance Company

3. David Gosse
   c/o Northwestern Mutual Life Insurance Company

4. Eileen Miller Carter
   Brookfield, Wisconsin

5. Minnie Armstrong
   c/o Northwestern Mutual Life Insurance Company

6. Patricia Sheehan, R.N.
   c/o Northwestern Mutual Life Insurance Company

7. Dr. Randolph Powell
   c/o Northwestern Mutual Life Insurance Company

8. Sharon Hyde
   c/o Northwestern Mutual Life Insurance Company

9. Mary Neveln
   c/o Northwestern Mutual Life Insurance Company

10. Natalie Versnik
    c/o Northwestern Mutual Life Insurance Company

SL1 447713v1/05843.001

11. Kim Evans
    c/o Northwestern Mutual Life Insurance Company

12. Lori Hilt
    c/o Northwestern Mutual Life Insurance Company

13. Barbara Weber, M.D.
    Director, Cancer Genomics Program
    Abramson Family Cancer Research Institute
    University of Pennsylvania Cancer Center; Director, Breast Cancer Program,
    University of Pennsylvania Comprehensive Cancer Center
    421 Curie Boulevard
    Philadelphia, PA 19104-6142

14. Bradley Newman

15. Richard Love

F. <u>Summary of Testimony of Expert Witness</u>

Dr. Weber will testify regarding the standard of care applicable to breast cancer patients and that stress has no effect whatsoever on the risk of recurrence of breast cancer.

G. <u>Comment Re: Pleadings and Discovery</u>

None.

H. <u>Summary of Legal Issues Involved</u>

The only legal issue involved in this case is whether Plaintiff can satisfy her burden of proof to show Northwestern breached the terms of its

insurance policy with the Plaintiff by terminating benefits effective March 17, 2000 where the Plaintiff claims she was disabled from trial work because stress may increase the likelihood that her cancer would return. The legal issues involved in the parties Motions in Limine are addressed in the Motions and Memorandums in Support. They will not be discussed here.

I. Stipulations Desired

None at this time.

J. Estimated Number of Trial Days

The defendant believes that it will need three to four days of trial to present its case in chief.

K. Other Matters

None at this time.

L. Schedule of Exhibits

The Schedule of Exhibits are attached as Exhibit "B".

M. <u>Special Verdict Questions</u>

Northwestern will confer with Plaintiff's counsel to see if a joint form can be agreed upon. If not, Northwestern reserves the right to submit special verdict questions prior to trial.

>Respectfully submitted,
>
>**STEVENS & LEE**
>
>By: _/s/ K. L. Wolgemuth_
>      E. Thomas Henefer
>      Attorney I.D. 55773
>      Kirk L. Wolgemuth
>      Attorney I.D. 45792
>      111 North Sixth Street
>      P.O. Box 679
>      Reading, PA 19603
>
>Counsel for Defendant Northwestern Mutual Life Insurance Company

## CERTIFICATION OF COUNSEL

I, KIRK L. WOLGEMUTH, certify that the person with settlement authority has been notified of the requirements of and possible sanctions under Local Rule 16.2.

Dated: May 27, 2004

_____
Kirk L. Wolgemuth

## CERTIFICATION OF COUNSEL

I, KIRK L. WOLGEMUTH, state that counsel has been unable to meet and review depositions and videotapes at this point because the deposition of Dr. Borgen has just been taken on May 21, 2004 and the deposition and videotape of Dr. Weber will be scheduled in June of 2004.

Dated: May 27, 2004

_____
Kirk L. Wolgemuth

# CERTIFICATE OF SERVICE

I, KIRK L. WOLGEMUTH, ESQUIRE, certify that on this date I served a true and correct copy of the foregoing Pretrial Memorandum on the following counsel of record by hand delivery:

> Archie V. Diveglia, Esquire
> Two Lincoln Way West
> New Oxford, PA 17350

Dated: May 27, 2004

Kirk L Wolgemuth