# REPORT OF ELLIOT LEITNER

I am an independent insurance consultant. Attached is a copy of my Curriculum Vitae.

In the last four years, I have testified as an expert in American Union Life Insurance Company v Felde, et al; Safeco Life Insurance Company v States, et al; Security Life insurance Company of Denver v Angell; Peterson v Blue Cross of Idaho; Trent v Prudential Insurance Company; Thurman v Provident American Insurance Company; and DeFeo v Federal Kemper Life Insurance Company.

The opinions expressed are based on my experience, knowledge, and training according to industry standards, which includes more than 35 years in the disability insurance business. I do, however, reserve the right to supplement my report, my analysis, and my opinion as additional information, if any, develops and/or is made available for my review and consideration. I have developed my opinions independently and they are expressed with reasonable certainty based on my review of the following documents:

The Northwestern Mutual Life disability policy; The Northwestern Mutual Life disability Claim file; excerpts from the Northwestern Mutual Life Disability Benefits Guidelines; legal pleadings and papers, including the Complaint; the Answer; Interrogatories; Answers to Interrogatories; Requests For Production of Documents; Deposition transcripts of Dr. Richard R. Powell, David Gosse, Suzanne Balistreri, Sharon Hyde, Patricia Sheehan, Eileen Miller Carter, Minnie Armstrong, Richard H. Love, and Bradley R. Newman.

I have formed the following opinions based on the information I have received to date:

On July 28, 1994, The Northwestern Mutual Life Insurance Company (NML) insured Cynthia A. Diveglia under Policy Number D1070572. The policy provided certain benefits in the event of Mrs. Diveglia total disability. "Total Disability" is defined in the Policy as follows:

**"Total Disability. Until the end of the Initial Period, the Insured is totally disabled when unable to perform the principal duties of the regular occupation. After the Initial Period, the Insured is totally disabled when both unable to perform the principal duties of the regular occupation and not gainfully employed in any occupation."**

In support of her claim, Mrs. Diveglia periodically submitted "Request For Continuance Of Total Disability Benefits", and, "Attending Physician's Statement", completed by her and her physicians at Sloan Kettering Memorial Hospital; Dr. Seidman, and Dr. Borgen.



Page 2

- NML acted unreasonable when it terminated disability benefits due Mrs Diveglia effective March 17, 2000. The reason provided in Ms. Balistreri's April 14, 2000 letter to Mr. Diveglia did not justify discontinuance of Mrs. Diveglia's claim.
- Based on my review of the claim file, Mrs. Diveglia remained totally disabled in March, 2000, in accordance with the "Total Disability" provision of the policy contract.
- At the time of claim, Mrs. Diveglia was, and continues to be, unable to perform the principal duties of her specialty occupation; 'trial attorney'.
- Mrs. Diveglia furnished NML with satisfactory written proof of loss in full compliance with the policy contract and industry standards.
- Mrs. Diveglia continued to be under the care of a licensed physician during her disability.
- NML did not conduct an Independent Medical Examination, or review by an outside medical consultant, prior to discontinuing benefits due Mrs. Diveglia. This is contrary to insurance industry claim practices.
- Based on industry standards, adequate investigation and reasonable inquiry into the possibilities favorable to Mrs. Diveglia's position would have resulted in the claim having been continued subsequent to March 17, 2000.
- At the time Mrs. Diveglia's claim was denied, the NML claim file did not contain any single document confirming that Mrs. Diveglia was not totally disabled as defined in the policy contract.

I have not authored any publication in the last ten years.

My fee is $185.00 per hour for review and consultation. For deposition and court, my fee is $200.00 per hour, plus expenses.

_____
ELLIOT LEITNER