IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CYNTHIA ANNE DIVEGLIA | : | |
| formerly CYNTHIA ANNE KAYLOR, | : | |
| | : | 1:CV-00-1342 |
| Plaintiff | : | |
| | : | (Judge McClure) |
| v. | : | |
| | : | |
| NORTHWESTERN MUTUAL LIFE | : | |
| INSURANCE COMPANY, | : | |
| | : | |
| Defendant | : | |

**O R D E R**   (#2)

<u>COURTROOM PROCEDURE and PROTOCOL</u>

June 7, 2004

**BACKGROUND:**

This order is presented to counsel in matters which reach the trial stage, to provide a written statement of this court's courtroom procedures.

The overall goal of the courts is the timely, cost-effective, yet fair resolution of disputes. In addition to the costs of litigation to the parties and the court, we must recognize the burdens placed on jurors and witnesses. The purpose of the

guidelines contained in this order is to further the efficient administration of justice, decrease the burden on affected persons and lend dignity to the proceeding. These guidelines should also provide some certainty to practitioners who do not appear regularly before this court.

If counsel or an interested party has a suggestion on changes to these guidelines which may better further these goals, the suggestion may be submitted in writing to the undersigned judge. If these guidelines prove a barrier in a particular case, counsel in that case should move the court to suspend, alter or amend these guidelines.

**NOW, THEREFORE, IT IS ORDERED THAT:**

### I. DECORUM

1.  It is the court's goal to allow counsel to present their cases generally in the fashion they choose. In an ideal case, the court participates only through instructions to the jury. To achieve this goal, counsel are permitted considerable leeway in examining witnesses and in their movements in the courtroom. It is only when the liberty given to counsel is abused, or the few guidelines imposed are violated, that the court will be constrained to take action. In necessary instances, the court will impose further restrictions and take any other appropriate action.

2.  Colloquy between counsel is permitted only to expedite the trial.

Argument between counsel is not permitted. All remarks should be addressed to the court.

    3.    The trial should be kept low-key; it should be at all times quiet and dignified.

    4.    During trial counsel should not exhibit familiarity with witnesses, jurors, or opposing counsel. During opening statements and closing argument, no juror should be addressed individually or by name.

    5.    During the argument of opposing counsel, counsel should remain seated at counsel table, be respectful and never divert the attention of the court or the jury. Counsel may wait until the end of an argument to object or to move for a mistrial, if appropriate, without waiving the objection or the motion.

    6.    In a jury trial, counsel should not offer a stipulation in open court without first confirming with opposing counsel and being certain that the stipulation is acceptable. In criminal cases, any stipulation of fact will require the defendant's personal concurrence, and a proposed stipulation should not be offered in open court. Wherever possible, a proposed stipulation should be typed or written beforehand and read to the jury so that opposing counsel may be certain of the wording of the stipulation.

## II. COURT HOURS AND PROMPTNESS

1. The court will make every effort to commence proceedings at the time set. Promptness is expected from counsel, parties, and witnesses. Chambers should be notified of any unanticipated delay.

2. If a witness was on the stand at a recess or adjournment, the witness should be on the stand, ready to proceed, when court is resumed.

3. Counsel should not run out of witnesses. If this occurs, and there is more than a brief delay, the court may assume that counsel has rested.

## III. DIFFICULT QUESTIONS))ADVANCE NOTICE

If there is reason to anticipate that a difficult question of law or evidence will arise during the trial, counsel should file and serve on opposing counsel a memorandum of law at least one day prior to the time it is anticipated that the question will arise. Whenever appropriate and possible prior to trial, the issue should be presented in the form of a motion in limine, in accordance with the court's case management order.

## IV. OPENING STATEMENTS

Opening statements, which will be from the lectern, must be confined to what counsel expect the evidence to show. It is not proper to use the opening statement

to argue the case or instruct as to the law.  When speaking from the lectern, counsel may move from behind the lectern but should not move more than an arm's length from it, and should not move closer to the jury than the front of the lectern.

## V. **OBJECTIONS TO QUESTIONS**

1.      When objecting, counsel should state only that he or she is objecting and, in brief, the legal grounds of the objection.  All reasons in support of the objection must then be made.  Counsel will not be permitted to state additional reasons after the court has ruled.  Objections may not be used for the purpose of making a speech, recapitulating testimony, or attempting to guide the witness.

2.      Argument on an objection will not be heard until permission is given or argument is requested by the court.

3.      A motion for reconsideration of a ruling on an objection or any motion made during trial will not be permitted except for extraordinary reasons.  If such a motion is anticipated, the motion and the reasons therefor shall be presented to the court out of the presence of the jury at the beginning of the day, after the noon recess, or at the end of the day.

## VI. <u>EXAMINATION OF WITNESSES AND ARGUMENT</u>

1.  Counsel are free to move about the courtroom when conducting examination of witnesses, but should not invade the jury's space. Generally, counsel should maintain an arm's length distance from the front of the jury box.

2.  Counsel may approach a witness to present him or her with a document or exhibit when examining the witness on the document or exhibit, and leave of court is not required before doing so. Each document or exhibit should be retrieved from the witness when examination on the document or exhibit is completed. Presentation may be accomplished by handing the witness the binder containing all original exhibits, opened to the proper exhibit. <u>See</u> Part IX, ¶ 1, below.

3.  Counsel should rise when addressing the court or making objections.

4.  During closing argument, counsel should stand at the lectern and observe the same restrictions as set forth above for opening statements. During legal argument, except side-bar conferences, counsel should stand at counsel table.

5.  Generally, counsel shall be limited in the examination of a witness to direct, cross, re-direct, and re-cross. Further examination may be undertaken without leave of court, but the court may terminate the examination if it does not

appear to have a valid and substantial purpose. Counsel should not conduct further examination simply for the purpose of having the last word before the jury.

6. Counsel should try at all times to be near a microphone, and should speak slowly and clearly for the benefit of the court reporter and any recording device which may be in use.

### VII. WITNESSES

1. Witnesses should be treated with fairness and consideration; they should not be shouted at, ridiculed, or abused in any manner.

2. Counsel should not by facial expression, nodding, or other conduct exhibit any opinion, adverse or favorable, concerning any testimony which is being given by a witness. Counsel should admonish his or her own client and witnesses similarly to avoid such conduct.

3. Counsel should not address witnesses other than young children by their first names.

4. The court attempts to cooperate with doctors and other professional witnesses and will, except in extraordinary circumstances, accommodate them by permitting them to be called out of sequence. However, counsel should alert opposing counsel of the necessity for doing so, and if there is an objection, counsel should confer with the court promptly.

## VIII. <u>EXPERT WITNESSES</u>

1.      Expert witnesses should be qualified at trial with a series of short questions on the education and training of the expert.  Cross-examination as to qualifications should be brief, and should not be a substitute for regular cross-examination.  Counsel presenting an expert should state the area of expertise and request permission to have the expert testify in that area.  Expert witnesses should be cautioned by counsel to be responsive, and be advised that their testimony should not consist of a lecture and that a seminar is not taking place in court when an expert is testifying.  Basically, the testimony should consist of sufficient information related to their field to support the opinion and to place the testimony into context, but no more.

2.      If there is a serious dispute as to whether an expert witness is qualified, that should be resolved before trial.  This includes disputes regarding an individual expert's qualifications as well as objections to the field of expertise under <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993).

3. The testimony of an expert witness received in court is a more efficient and expeditious procedure than a videotape deposition of the expert because the court will control the testimony and not permit lecturing, repetition, long narrative statements, and unresponsive answers which too frequently occur in a videotape deposition of an expert witness. Counsel should take these factors into account when considering whether to present testimony via videotape and when examining the witness.

## IX. EXHIBITS

1. The court reporter and courtroom deputy will not mark exhibits. Counsel should mark in advance of trial all exhibits to be used at trial. Prior to trial, all exhibits except impeaching documents should be shown to opposing counsel so that it will not be necessary to inspect each exhibit at trial. At the commencement of trial, the court should be supplied with one 3-ring binder containing copies of all documentary exhibits. This copy is in addition to the original set of exhibits which should, likewise, be placed in one or more 3-ring binders, properly tabbed.

2. Exhibits should be marked by number, not letters. However, a series of exhibits may grouped by number and identified individually by letter. For example, a series of photographs of one scene may be identified as Plaintiff's Exhibit 1-A, 1-B, etc.

3. After marking exhibits, counsel should complete an exhibit list in the form available from the clerk's office. A copy of the exhibit list shall be submitted with each of the court's copies of the exhibits, and another copy should be provided to opposing counsel.

4. Each counsel should keep his or her own list of exhibits and should keep track of when each has been admitted in evidence.

5. Counsel may move all exhibits which have been identified into evidence at the close of that party's case, and it is not necessary to move individual pieces of evidence after they are identified. Moving all evidence together saves the jury from having to sit through objections on individual pieces of evidence.

6. When referring to an exhibit, counsel should refer to its exhibit number. Witnesses should be asked to do the same.

7. The court discourages taking time to pass an exhibit among the jury for viewing when it is admitted. Ordinarily, the court will arrange to give to the jury

evidence admitted during trial only at the close of the case. However, when a particular exhibit must be published to the jury in order to understand the testimony being given, counsel may move to publish the exhibit to the jury at that time. The alternative of preparing evidence which need not be circulated, such as a blow-up of a document, is encouraged.

## X. DEPOSITIONS

1.  In using depositions of an adverse party for impeachment at trial, either one of the following procedures may be adopted:

    (a)  If you are going to read the questions and answers as alleged impeachment and ask the witness no further questions on that subject, you may merely read the relevant portions of the deposition into the record, stating the page and line where you begin and where you end.

    (b)  If you wish to ask the witness further questions on the subject matter, the deposition is placed in front of the witness and he is told to read to himself the pages and lines involved. Then you may either ask the witness further questions or read the quotations yourself, then ask further questions.

Regardless of which procedure is used, this provision does not alter or limit the application of Fed. R. Evid. 106, 613, or 801.

2. In using the deposition of a witness who is not a party for impeachment of such witness, it is necessary to allow the witness to read to himself the pages and lines involved after which you may ask questions or read the allegedly impeaching material.

3. When a witness is absent and his testimony is offered by deposition, please observe the following procedures:

(a) In jury cases, one lawyer or staff member should occupy the witness chair and act as the witness, with the other lawyer asking the questions. If no person is available from the lawyer's firm or staff, counsel may request that a law clerk take the role of the witness.

(b) In non-jury cases, the court should be asked whether it wishes the above procedure followed or merely wishes to read the deposition in chambers without the questions and answers being repeated for the record. In such instances, the deposition may be offered in evidence as an exhibit.

## XI. USE OF ANSWERS TO INTERROGATORIES AND REQUESTS FOR ADMISSION

Whenever you expect to offer a group of answers to interrogatories or requests for admission selected from one or more lengthy documents, you should prepare a new document listing each question and answer and identifying the

document from which it has been extracted.  Copies of this new document should be given to the court and opposing counsel.  This will save the time of thumbing through extensive files to locate particular items.

### XII. SIDE-BAR CONFERENCES

1. Side-bar conferences are discouraged and should be avoided except in limited circumstances.

2. Matter which should not be heard by the jury, such as evidence which may be excluded, is the proper subject of a side-bar conference.  Whenever possible, such matters should be dealt with before the jury is brought into the courtroom.

### XIII. JURY INSTRUCTIONS, JURY INTERROGATORIES

1. Proposed jury instructions shall be limited to the important or unusual issues in the case.  Each proposed instruction along with legal authority shall be set forth on a separate page.  Except in unusual cases, it is expected that 12 proposed instructions unique to the issues will be adequate.  Instructions should not be repetitive, inconsistent or argumentative, and should be couched in language appropriate to the facts and the parties.  Copies of unpublished opinions relied upon by counsel shall be attached.

2. Proposed jury instructions and jury interrogatories shall be submitted as directed in the procedural order which governs the case.

3. If an instruction is a standard instruction which would be given in any case, such as burden of proof, role of the jury, etc., it need not be submitted as a proposed instruction. If counsel believes that a standard instruction from O'Malley, Grenig and Lee <u>Federal Jury Practice and Instructions</u> (Fifth Edition) or <u>Pennsylvania Suggested Standard Civil Jury Instructions</u> is particularly appropriate, the number of the instruction may be submitted rather than the entire instruction.

4. In a criminal case, defense counsel should notify the court if a charge on the failure of the defendant to testify is desired.

5. The court will hold an informal charge conference toward the end of each jury trial. Rulings on proposed points for charge will thereafter be placed on the record, prior to closing arguments.

6. The court will provide counsel with copies of the verdict slip prior to closing arguments in jury trials.

7. The court's final jury instructions will be given to the jury after counsel's closing arguments.

## XIV. COURT REPORTER

1. The court reporter is under the control of the court. Counsel should not issue instructions or make requests directly to that person in open court. Counsel should direct their requests to the court and the court will issue instructions as appropriate. Daily copy must be ordered at least one week before the first day of trial.

2. When particularly difficult language is used, such as technical jargon or foreign words or phrases, counsel should spell the word(s) or have the witness do so.

## XV. USE AT TRIAL OF VIDEOTAPE AND COURTROOM TECHNOLOGY

1. If objections to proposed videotaped testimony are raised, transcripts of the testimony shall be prepared and a copy submitted to the court for review, sufficiently in advance to obtain a ruling without delaying the trial. Testimony which is ruled inadmissible shall not be presented to the jury. If the videotape is not pre-edited, that part of the videotape containing inadmissible testimony shall be by-passed by running the tape at high speed or putting the sound on "mute" during the inadmissible testimony.

      2.    Courtroom No. 3 is a high technology courtroom.  Counsel are directed to become familiar with its operation prior to trial.

                                           s/ James F. McClure, Jr.
                                           James F. McClure, Jr.
                                           United States District Judge