IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CYNTHIA ANNE DIVEGLIA, | : | CIVIL ACTION NO. 1:CV-00-1342 |
| Plaintiff | : | |
| | : | (JUDGE McCLURE) |
| v. | : | |
| | : | |
| NORTHWESTERN MUTUAL LIFE | : | |
| INSURANCE COMPANY, | : | |
| Defendant | : | |

**DEFENDANT'S BRIEF IN SUPPORT OF MOTION IN LIMINE
TO EXCLUDE PLAINTIFF'S "EXPERT" WITNESS,
MARK BRECKER, ESQUIRE**

## I. INTRODUCTION

Defendant Northwestern Mutual Life Insurance Company ("Northwestern") files this Memorandum of Law in Support of its Motion in Limine to Exclude the testimony from plaintiff's "expert" witness Mark Brecker, Esquire. This witness was identified by plaintiff as a potential expert witness after the deadline for motions in limine had passed. Plaintiff has therefore consented to the filing of this motion after the deadline for motions in limine.

As explained below, defendant's motion should be granted because (1) plaintiff did not identify this individual as a witness or expert witness in a timely fashion; (2) plaintiff never provided an expert report from this witness; (3) his testimony would be redundant; and (4) this witness is not a psychologist or psychiatrist and therefore is not qualified to testify about stress.

1

## II. **FACTUAL HISTORY**

This case involves a breach of contract claim by a practicing attorney arising out of her claim for disability benefits under a long-term disability policy issued by Northwestern. Plaintiff received disability benefits for a period following her diagnosis with, and successful treatment for, breast cancer. Although her cancer is in remission, plaintiff claims she is entitled to ongoing disability benefits because the stress of practicing trial law might cause the recurrence of her cancer.

On or about April 8, 2004 plaintiff's counsel notified Northwestern that plaintiff intended to add Mark Brecker, Esquire ("Brecker"), a trial lawyer, as an additional witness to the witness list. At first, it appeared that the purpose for Brecker's testimony was to confirm plaintiff's claims that she referred cases to him that she believed she could not handle due to stress. However, in or about the last week of May 2004, plaintiff's counsel revealed that Brecker would also be asked to opine that trial work is stressful. Thus, plaintiff intends to use Brecker as an "expert" witness regarding the stress of practicing trial law. For the reasons identified above and more fully explained below, Defendant's Motion in Limine should be granted.

## III. ARGUMENT

**A. Northwestern's Motion in Limine to Preclude the Testimony of Mark Brecker, Esquire Should be Granted Because Brecker was not <u>Timely Identified as a Witness or Expert Witness.</u>**

The Court has discretion to grant Northwestern's Motion in Limine to exclude the untimely designation of Brecker as a witness. <u>Newman v. GHS Osteopathic, Inc., et al.</u>, 60 F.3d 153, 156 (3d Cir. 1995). Among the factors to be considered is the prejudice or surprise to the opposing party, ability to cure the prejudice, likelihood of disruption, and the parties bad faith or unwillingness to comply. <u>Newman, Id.</u> (citing <u>Bronk v. Ineichen</u>, 54 F.3d 425, 433 (7th Cir. 1995).

Here, there is no question that the late identification of this witness would be prejudicial to Northwestern. Discovery has long been closed in this case and Northwestern will not have an opportunity to depose Brecker to prepare appropriate cross examination for trial. At this point, Northwestern could not cure the prejudice caused by the untimely designation of this witness. Similarly, plaintiff has no justification for her failure to timely designate this witness in her initial disclosures or in the witness list provided to Northwestern pursuant to the Court's order.

The Rules of Federal Procedure confirm that plaintiff is not allowed to profit from her Rule 26 omissions. Rule 37(c)(1) of the Federal Rules of Civil Procedure provides, in part, the following:

3

> "A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), . . . is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed."

Rule 37 is written in mandatory terms and "is designed to provide a strong inducement for disclosure of Rule 26(a) material." Newman v. GHS Osteopathic, Inc., Id. at 60 F.3d 156 (citing from Harlow v. Eli Lilly & Co., 1995 U.S. Dist. LEXIS 7162, *7 (N.D. Ill. May 25, 1995). See also, United States of America v. Compaction Systems Corp., et al., 2000 U.S. Dist. LEXIS 14362, *4-6 (D.N.J. July 11, 2000) (Affidavit submitted as part of Motion for Summary Judgment excluded because Rule 37(c) will not permit the disclosure of such information when a party, without substantial justification, fails to disclose the information required by Rule 26(a)); United States of America v. 68.94 Acres of Land, et al., 918 F.2d 389, 396 (3d Cir. 1990) (as a sanction for failure to obey a pre-trial order, the federal rules authorize courts to prohibit the admission of evidence offered by the disobedient party); and Hagans v. Henry Weber Aircraft Distributors, Inc., 852 F.2d 60, 64 (3d Cir. 1988) (plaintiff prohibited from using a substitute expert where plaintiff was non-compliant with several discovery requests and a court order). Indeed, the Rule is mandatory precisely to prevent the kind of tactics plaintiff is attempting here.

SL1 450954v1/05843.001

Accordingly, Northwestern requests the Court to grant its Motion in Limine and exclude Brecker's proposed testimony.

B. Northwestern's Motion In Limine Should Be Granted Because Plaintiff Has Not Provided An Expert Report Pursuant to Rule 26(a)(2)(B).

In addition to the fact that plaintiff never identified Brecker as a witness or expert witness, plaintiff has not produced an expert report required pursuant to Rule 26(a)(2)(b) of the Federal Rules of Civil Procedure. This rule provides in pertinent part, the following:

> ". . . This disclosure shall, with respect to a witness who is retained or specifically employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness informing the opinion; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding 10 years . . ."

Plaintiff's counsel has represented to the undersigned that Brecker will testify about the stress that a trial lawyer faces in performing his or her job duties. Had plaintiff prepared and timely served a report as required by this rule, Northwestern would be able to review the statement of opinions that Brecker intends to express and the basis and reasons therefore. Further, plaintiff would have to provide a summary of or support for the opinions Brecker intends to

5

express along with his alleged qualifications to express such opinions. However, because plaintiff has not provided such a report, Northwestern is left to guess as to what opinions plaintiff's witness may express and the support of the opinions. Under these circumstances, Northwestern cannot properly prepare for cross-examination. Accordingly, Northwestern's Motion in Limine should be granted.

C.  <u>Brecker's Factual Testimony Will Be Redundant</u>.

Counsel for plaintiff informed the undersigned that in addition to testifying as an "expert" witness, Brecker will testify about the cases that plaintiff referred to him because of her alleged inability to conduct trial work. However, this testimony will be redundant because plaintiff will be able to testify about the number of cases she referred out and the reasons she referred them. Where testimony is merely redundant, it may be excluded at the discretion of the Court.

Specifically, Federal Rule of Evidence 403 allows the Court to exclude evidence, even if relevant, where the evidence results in "undue delay, waste of time, or needless presentation of cumulative evidence." These standards apply here and support preclusion of Brecker's proposed "factual" testimony about referrals of cases from plaintiff.

Further, Brecker's proposed testimony about the reasons why plaintiff referred cases to him is both hearsay and speculation. It should be excluded for these reasons as well. <u>See, e.g.</u>, Fed. R. of Evid. 602 and 802.

SL1 450954v1/05843.001

D. Brecker is Most Likely Not a Psychologist or Psychiatrist and is Therefore Unqualified to Testify About Stress.

Although plaintiff has not produced a curriculum vitae of Brecker, it is most likely that, as a practicing trial attorney, Brecker does not have a degree in either psychology or psychiatry or relevant experience in either field. Thus, he is not qualified to testify as an expert on stress.

Rule 702 of the Federal Rules of Evidence imposes three substitutive restrictions on the admission of expert testimony: qualifications, reliability and fit:

1. Whether the proposed witness is a qualified expert in the area in which he or she is being offered as an expert;

2. Whether the proposed expert's testimony is based upon reliable evidence; and

3. Whether the expert's testimony assists the trier fact.

See Brown v. Southeastern Pennsylvania Transportation Authority, 35 F.3d 717, 741 (3d Cir. 1994), cert. denied, 513 U.S. 1190 (1995); and Elcock v. KMart Corp., 233 F.3d 734, 741 (3d Cir. 2000). It will be clear in this matter that plaintiff's proposed "expert" will not be able to pass the first substantive restriction contained in Rule 702.

First, while the standard for qualifications is somewhat liberal, a basic understanding of a general subject matter does not alone qualify a witness as an expert on that specific subject. See In re Unisys Savings Plan Litigation, 173 F.3d 145, 156-57 (3d Cir. 1999), cert. denied, 528 U.S. 950(1999) (expert who had

SL1 450954v1/05843.001

background in investments for property and casualty insurance was properly excluded from testifying about life insurance investments); Aloe Coal Co. v. Clark Equip. Co., 816 F.2d 110 (3d Cir. 1987), cert. denied, 484 U.S. 853 (1987) (excluding testimony of tractor salesman about cause of a tractor fire); Wilkinson v. Rosenthal & Co., 712 F. Supp. 474, 478 (E.D. Pa. 1989) (Huyett, J.) (excluding proposed expert testimony of professor at Wharton School of Business regarding futures contracts because he "has no experience, skill, knowledge, or education in commodity futures contracts apart from the basic principles he teaches").

In fact, the Third Circuit recently upheld a district court's exclusion of a proposed witness who, although he possessed both academic and practical experience in a relevant subject area, lacked specialized knowledge of the specific issues which formed the basis of his theory of liability. Surace v. Caterpillar, Inc., 111 F.3d 1039, 1055-56 (3rd Cir 1997). As the Court of Appeals for the Eighth Circuit aptly stated, "the district court must ensure that it is dealing with an expert, not just a hired gun." Tyus v. Urban Search Management, 102 F.3d 256, 263 (7th Cir. 1996) (emphasis added), reh'g en banc denied, 1997 U.S. App. LEXIS 337 (7th Cir. Jan. 6, 1997), cert. denied, 520 U.S. 1251 (1997).

Plaintiff may argue that Brecker is able to testify about the stress that he faces as a trial attorney. However, what may cause stress to Brecker may not cause stress to plaintiff. Similarly, whatever stresses plaintiff had as a trial

8

attorney may not cause stress to Brecker. Furthermore, Brecker may face other stresses at work, home, or elsewhere that would affect his reaction to any stress associated with being a trial lawyer. Thus, unless he holds a decree in psychology or psychiatry and regularly treats trial lawyers who are stressed, he is not qualified to testify as an expert in this area. Courts in the Third Circuit have routinely disqualified experts who were not qualified to testify as an expert on a specific issue in a case.

For example, in Burton v. Danek Medical, Inc., 1999 U.S. Dist. Lexis 2619 (March 1, 1999, E.D. Pa.), the Court granted summary judgment to the defendant because, inter alia, the plaintiff was unable to establish that his expert witness was qualified to testify as an expert in that case. Id. at *10-11, 15-16. In that case, plaintiff proposed to use Dr. Bennett, a board certified neurologist, to establish that the use of pedicle lumbar screws caused plaintiff's injuries. Id. at *7-8. The court found that Dr. Bennett had never performed surgery, had no training in or ever observed spinal fusion surgery, and had never treated a patient with spinal fusion surgery. Id. at *10. Dr. Bennett was not familiar with the techniques of spinal fusion surgery and had no expertise with the devices used in such surgery. Id. at *11. As a result, Dr. Bennett was not qualified to testify as an expert because he did not possess sufficient knowledge in the area of spinal surgery through training, education or experience. Id.

In the case of In Re: Diet Drugs Products Liability Litigation, 2000 U.S. Dist. Lexis 9661 (June 28, 2000 E.D. Pa.), the court reviewed the Daubert factors and stated that a court should "exclude proffered expert testimony if the subject of the testimony lies outside the witness' area of expertise" (citing Weinstein's Fed. Evid. § 702.06 [1], at 702-52 (2000); Robertson v. Norton Co., 148 F.3d 905, 907 (8th Cir. 1998), Kent v. Howell Elec. Motors, 1999 U.S. Dist. Lexis 10940 (July 20, 1999 E.D. Pa.); other cases omitted). The court also stated that "an expert's opinion must be based on scientific, technical or other specialized knowledge and not on "subjective belief or unsupported speculation." Id. at *12 (citations omitted). Also, the court held that "testimony of an expert that constitutes mere personal belief as to the weight of the evidence invades the province of the jury." Id. at *12 (citations omitted).

The court in In Re: Diet Drugs then examined the qualifications of the proposed expert witnesses. Specifically, the court found that Drs. Maher and Wellman did not have any general expertise regarding disease causation in humans. Id. at *18. Although the Court did not find that the experts were not qualified on this basis alone, it took into consideration the experts' absence of expertise in disease causation as it examined the reliability of their opinions under Daubert. The court then found that their hypothesis was not reliable. Id. at *40.

SL1 450954v1/05843.001

Similarly, in Diaz v. Johnson Matthey Inc., 893 F. Supp. 358 (D. N.J. 1995), the court noted that the proposed expert, among other things, was a pulmonologist, not a pharmacologist or toxicologist. Id. at 372-73. The court then concluded that the physician's lack of any general training in epidemiology or toxicology, his lack of experience as an allergist, his lack of familiarity with the medical literature, and his lack of exposure treating patients suffering from the platinum salt allergy, rendered his opinions unreliable. Id. at 374.

Applying these factors to Brecker's testimony, it is clear that he is not qualified to opine about the stresses that plaintiff allegedly faces as a trial lawyer. Any expert opinion that he may render is outside his area of expertise and is not reliable. Brecker's opinions are not based upon specialized knowledge or plaintiff's psychiatric condition or even the work duties that she faced that allegedly caused her stress. Accordingly, his testimony would be nothing more than unsupported speculation and Northwestern's Motion in Limine should be granted.

SL1 450954v1/05843.001

## IV. CONCLUSION

For the reasons set forth above, defendant respectfully requests the Court to grant its motion in limine.

Dated: 4/9/04

STEVENS & LEE

By _____
E. Thomas Henefer
Attorney I.D. No. 55773
Kirk L. Wolgemuth
Attorney I.D. No. 45792
111 North Sixth Street
P.O. Box 679
Reading, Pennsylvania 19603
(610) 478-2000

Attorneys for Defendant

SL1 450954v1/05843.001

## CERTIFICATE OF SERVICE

I, KIRK L. WOLGEMUTH, ESQUIRE, certify that on this date, I served a certified true and correct copy of the foregoing Defendant's Motion in Limine upon the following counsel of record, by depositing the same in the United States mail, postage prepaid, addressed as follows:

>   Archie V. DiVeglia, Esquire
>   119 Locust Street
>   Harrisburg, PA  17101

_____
Kirk L. Wolgemuth

Date: June 9, 2004