IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CYNTHIA ANNE DIVEGLIA, | : | |
| formerly CYNTHIA ANNE | : | |
| KAYLOR, | : | No. 1:CV-00-1342 |
| Plaintiff, | : | |
| v. | : | (Judge McClure) |
| | : | |
| NORTHWESTERN MUTUAL LIFE | : | |
| INSURANCE COMPANY, | : | |
| Defendant. | : | |

**M E M O R A N D U M**

June 17, 2004

**BACKGROUND:**

On July 28, 2000, plaintiff, attorney Cynthia Anne Diveglia, initiated this civil action by filing a two-count complaint against defendant, Northwestern Mutual Life Insurance Company. Plaintiff alleged a breach of contract claim (Count I) and a bad faith claim under 42 Pa. C.S.A. § 8371 (Count II), based on defendant's termination of her disability benefits under a disability income policy purchased from defendant, which was effective July 28, 1994 (the Policy).

On June 6, 1997, plaintiff filed a claim for disability benefits after being diagnosed with, and treated for, breast cancer. Defendant approved her claim on August 11, 1997. Plaintiff returned to work in a limited capacity in February 1998,

after which time defendant made repeated requests for additional information regarding plaintiff's medical condition, finances, and occupational status. She refused to provide much of the requested information on the ground that it was irrelevant given that defendant had already determined that she was totally disabled. Finally, on March 17, 2000, defendant ceased paying total disability benefits on the ground that the medical documentation provided by plaintiff did not support ongoing total disability benefits.

On March 23, 2004, the court granted defendant partial summary judgment, disposing of plaintiff's bad faith claim. The case is now scheduled for trial in July.

Currently before the court are the parties' motions in limine. For the following reasons, the court will grant in part and deny in part both parties' motions.

## DISCUSSION:

Both parties have filed motions in limine. We first address defendant's two pending motions.

### A. Defendant's Motions in Limine

Through its first motion, defendant seeks to exclude: (i) the testimony of plaintiff's insurance expert, Elliot Leitner; (ii) the medical reports and attending

physician statements of Dr. Seidman and Dr. Borgen; (iii) the expert testimony of Dr. Borgen; (iv) three medical journal articles; and (v) testimony regarding the demeanor of defendant's employees. Through its second motion, defendant seeks to exclude the testimony of plaintiff's proposed legal expert witness, Mark Brecher, Esq.

We begin with defendant's second motion in limine in which defendant seeks to exclude the proposed legal expert testimony of Brecher. Evidently, plaintiff plans to have Brecher testify that, in his opinion as a legal expert, trial work is stressful. Defendant claims that plaintiff never identified Brecher as a witness or expert witness in a timely fashion, that plaintiff never provided Brecher's expert report, that Brecher's testimony would be redundant, and that Brecher is not a psychologist or psychiatrist qualified to opine on stress.

Defendant does not state whether it has deposed Brecher. Instead, defendant claims that plaintiff notified defendant on or about April 8, 2004 that she intended to add Brecher to the witness list. Defendant further claims that plaintiff's counsel revealed sometime in the last week of May that Brecher would be asked to opine on the stress involved with trial work. Defendant takes issue with plaintiff's apparent attempt to designate tardily Brecher as an expert without formerly disclosing him as such and without disclosing his expert report pursuant to Federal

-3-

Rule of Civil Procedure 26(a)(2).

Federal Rule of Civil Procedure 26(a)(2)(B) requires that any witness designated as an expert "who is retained or specially employed to provide expert testimony . . . [shall] be accompanied by a written report prepared and signed by the witness." The deadline set by the court for expert reports has long since passed. (See Order dated Jan. 19, 2001, Rec. Doc. No. 15, at ¶4.) Brecher appears to be a witness who was "retained or specially employed to provide expert testimony." Fed. R. Civ. P. 26(a)(2)(B). Thus, plaintiff was required to disclose him as an expert witness and to disclose Brecher's expert report.

Additionally, in Order #2, dated March 23, 2004, the court directed both parties to file final pre-trial memoranda that complied with Local Rule 16.6. (See Rec. Doc. No. 65, at ¶5.) Local rule 16.6, by reference to Appendix B, requires parties to file pre-trial memoranda containing, among other things, the identities of expert witnesses and summaries of expert witnesses' testimony. Plaintiff did not provide a summary of Brecher's testimony, and only listed him as a lay witness in her pretrial memorandum. (See Pl.'s Pre-Trial Mem., Rec. Doc. No. 78, at 5, 7.)

Federal Rule of Civil Procedure 37 generally prohibits the use of witnesses or information that are not timely disclosed to the other party. See Newman v. GHS Osteopathic, Inc., Parkview Hosp. Div., 60 F.3d 153, 156 (3d Cir. 1995).

The court may excuse a party's failure to disclose timely witnesses or information, however, if such failure was harmless. See Fed. R. Civ. P. 37(c)(1). We need not make such a finding, however, because we find that plaintiff timely identified Brecher as a fact witness in her pre-trial memorandum. (See id., at 6.) The court notes that we require the identification of experts and summaries of their testimony in pre-trial memoranda only to the extent that an expert witness intends to offer an expert opinion under Federal Rule of Evidence 702. By not identifying Brecher as an expert and by not summarizing his testimony in her pre-trial memorandum, plaintiff implicitly suggests that she intends to offer Brecher as a fact witness who very might well be an "expert," but not as a witness who will give an expert *opinion*. Similarly, although Brecher appears to be a witness who was "retained or specially employed to provide expert testimony," see Federal Rule of Civil Procedure 26(a)(2)(B), and the deadline set by the court for expert reports has long since passed, (see Order dated Jan. 19, 2001, Rec. Doc. No. 15, at ¶4), the identification of Brecher and disclosure of his expert report are only pertinent if plaintiff intended to elicit Brecher's expert *opinion*. Thus, we will only preclude plaintiff from eliciting any expert opinion testimony from Brecher.

We also note that defendant will suffer negligible prejudice if Brecher testifies

because defendant has been aware of Brecher for more than two months and seems familiar with the expected nature of his testimony.  See Newman, 60 F.3d at 156.  For example, plaintiff evidently referred cases to Brecher while she was receiving disability benefits, and Brecher can certainly testify to that fact and other facts related thereto.  If plaintiff has not made Brecher available for a deposition and defendant wishes to depose him, the court will direct plaintiff to make Brecher available in a timely fashion upon defendant's motion.

As to defendant's first motion in limine, first, we will deny as moot defendant's motion with regards to the testimony of Leitner.  Plaintiff asserts that she no longer intends to call Leitner because his testimony would only address her bad faith claim, which the court disposed of on summary judgment.  (See Pl.'s Br. Opp'n Def.'s Mot., Rec. Doc. No. 82, at 4.)  Consequently, on the basis of plaintiff's proffer, the court will deny as moot defendant's motion in this regard.

Second, we will deny defendant's motion with respect to the medical reports and attending physician statements of Dr. Seidman and Dr. Borgen.  Defendant first contends that the medical reports and attending physician statements are unexcused hearsay.  Hearsay "is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c).  Plaintiff, though, argues that she intends to

proffer the medical reports and attending physician statements for a non-hearsay purpose, namely, to show that plaintiff complied with the terms of the Policy by providing defendant with attending physician statements and medical reports.

Plaintiff's proposed use of the medical reports and attending physician statements qualifies as a non-hearsay purpose. Moreover, the medical reports and attending physician statements appear to fall under the purview of Federal Rule of Evidence 803(6) as records of regularly conducted activities. See Fed. R. Evid. 803(6) advisory committee's note. Any statements made for purposes of medical diagnosis or treatment contained in the reports or statements would be admissible as well. See Fed. R. Evid. 803(4).

Third, defendant seeks to exclude the testimony of Dr. Borgen, one of plaintiff's treating physicians. Defendant argues that plaintiff never identified Dr. Borgen as a fact witness or expert witness and never provided his expert report as per Federal Rule of Civil Procedure 26(a)(2). Plaintiff also failed to identify Dr. Borgen as an expert witness and provide a summary of his expert testimony in her pre-trial memorandum.

Again, Federal Rule of Civil Procedure 26(a)(2)(B) requires that the designation of any expert "who is retained or specially employed to provide expert testimony . . . [shall] be accompanied by a written report prepared and signed by

-7-

the witness." The deadline set by the court for expert reports has long since passed. (See Rec. Doc. No. 15, at ¶4.) A treating physician like Dr. Borgen however, unlike a specially retained expert like Brecher, need not provide a written report because he was not retained or specially employed to testify. See Fed. R. Civ. P. 26(a)(2)(B) advisory committee's note.

    Also, we find that Dr. Borgen, like Brecher, was timely identified as a fact witness by plaintiff in her pre-trial memorandum. (See Rec. Doc. No. 78, at 5.) As per our discussion of Brecher, the requirements that plaintiff identify Dr. Borgen as an expert and summarize his testimony are only in place in the event that plaintiff intended to elicit Dr. Borgen's expert *opinion*. Thus, despite Dr. Borgen appearing to be an expert, we believe that plaintiff will only offer Dr. Borgen's fact testimony and not will not attempt to elicit Dr. Borgen's current expert *opinion* on the alleged link between stress and cancer. A treating physician may give fact testimony regarding his diagnosis and treatment of plaintiff, as well as regarding his opinion given at the time treatment was rendered. See Holbrook v. Lykes Bros. S.S. Co., Inc., 80 F.3d 777, 782 & n.1 (3d Cir. 1996); Bucher v. Gainey Transp. Serve. of Ind., Inc., 167 F.R.D. 387, 390 (M.D. Pa. 1996). Such fact testimony does not come within the ambit of Federal Rule of Evidence 702 or run afoul of Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 590-96 (1993). We will therefore

preclude plaintiff from eliciting Dr. Borgen's current expert opinion.

In any event, defendant will suffer no undue prejudice if Dr. Borgen testifies at trial. Dr. Borgen's role in this case has long been known to defendant, given that he signed attending physician statements to substantiate plaintiff's ongoing claim for disability benefits. Dr. Borgen has already been deposed as well. (<u>See</u> Pl.'s App. to Br. Opp'n Def.'s Mot. in Limine, Rec. Doc. No. 83, Ex. 1.) In fact, defendant's expert will likely testify, in part, in response to Dr. Borgen's treatment and diagnosis of plaintiff. Defendant, therefore, cannot claim to be surprised unfairly by Dr. Borgen's testimony.

Fourth, we will deny defendant's motion with respect to the three medical journal articles, which defendant contends are hearsay. Plaintiff proffers that she intends to introduce the articles to rebut the assertions of defense witnesses who will likely testify that they researched plaintiff' position on stress and cancer recurrence and that they found no articles supporting that position.

"If the significance of an offered statement lies solely in the fact that it was made, no issued is raised as to the truth of the matter asserted, and the statement is not hearsay." Fed. R. Evid. 801(c) advisory committee's note. Here, plaintiff only intends to rely on the articles to show the mere fact that they were published. Thus, regardless of the truth of the contents of the articles, the articles' significance lies

"solely in the fact that [they] were made." Id.; cf. Cook v. Navistar Int'l Transp. Corp., 940 F.2d 207, 213 (7th Cir. 1991); Marsee v. U.S. Tobacco Co., 866 F.2d 319, 325-26 (10th Cir. 1989). Plaintiff, therefore, may offer the articles to rebut any testimony to the effect that no articles existed. Plaintiff may read the titles of the articles as well as biographical information related to the articles (e.g., name of journal in which article appeared, authors, etc.), but may not present the articles as exhibits. Any further use of the articles would be unduly prejudicial to defendants and would confuse the jury. See Fed. R. Evid. 403. Also, while we will not exclude the articles based on plaintiff's proffer, we will consider a hearsay objection at trial if plaintiff attempts to use the articles beyond the limited use delineated.

Fifth, we will grant defendant's motion with respect to plaintiff's proposed demeanor testimony. Defendant claims that plaintiff plans to testify that some of defendant's employees were insensitive to her during the initial handling of her claim for disability benefits in the summer of 1997. Defendant seeks to exclude plaintiff's testimony as irrelevant or, alternatively, as being unfairly prejudicial. Incidentally, plaintiff conversely seeks to exclude the testimony of four employees who would testify as to plaintiff's alleged evasiveness in the processing of her original claim for disability benefits. Both parties claim that they will not introduce

their respective demeanor testimony except in response to the other's demeanor testimony.

All relevant evidence is admissible except as otherwise provided. Fed. R. Evid. 402. Relevant evidence "means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

The question to be determined at trial is whether plaintiff is totally disabled within the meaning of the Policy and whether defendant breached its obligation to pay benefits. Both parties' demeanor testimony has no bearing on the ultimate question, especially because the testimony focuses on a time-frame that predates the coverage dispute. Thus, the demeanor testimony is irrelevant. Further, even if the testimony was relevant, we would exclude the testimony because the probative value is substantially outweighed by the unfair prejudice it would have to both parties, and because it would confuse the jury. See Fed. R. Evid. 403.

### B. Plaintiff's Motions in Limine

In her first motion in limine, plaintiff seeks to exclude documents and testimony relating to: (i) a wide range of so-called collateral matters relating to her medical, financial, and occupational status and defendant's investigation into each;

(ii) settlement proposals; (iii) the denial of her application for social security disability income (SSDI); (iv) the testimony of Barbara Mueller; (v) the testimony of Dr. Barbara Weber; (vi) documents not produced through discovery, namely the prior cases defendant relied upon to discontinue plaintiff's disability benefits; (vii) certain changes appearing on deposition errata sheets; and (viii) the demeanor testimony of certain employees of defendant.  In her second motion in limine, plaintiff seeks to exclude documents and testimony related to her earnings (particularly her W-2 statements), and her malpractice liability insurance applications.

    First, we will not exclude information or testimony on plaintiff's medical, financial, and occupational status.  The court dealt with a similar issue when we compelled the discovery of this information.  (See generally Mem. dated Mar. 23, 2004, at 10-21.)  At that time, we discussed how such information was relevant to defendant's investigation into plaintiff's condition.  (See id.)  We ruled that defendant had a right to request medical, financial, and occupational information from plaintiff.  Because plaintiff largely failed to provide financial and occupational information, defendant eventually discontinued benefits because it believed that the only information plaintiff did provide, medical information, was insufficient to establish total disability under the Policy.  Moreover, defendant can also defend on

the ground that plaintiff was actually proportionately disabled rather than totally disabled, which directly implicates plaintiff's financial and occupational status. Thus, we will not grant plaintiff's motion in this respect.

Second, plaintiff seeks to exclude settlement proposals under Federal Rule of Evidence 408.  The court reviewed the documents alleged to be settlement proposals.  The documents all relate to defendant's attempt to obtain further information as to plaintiff's medical, financial, and occupational status.  The documents do not reflect an attempt by defendant to settle plaintiff's claim, but are more inquisitorial in nature.  Thus, the documents will not be excluded because they do not discuss the final settlement of a disputed claim.

Third, plaintiff seeks to exclude any reference to the denial of her application for SSDI.  We agree with plaintiff that the Social Security Administration's (SSA) finding, based on a wholly different standard for "disability," is not relevant in a private disability insurance action.  To the extent that the SSA's finding is tangentially relevant to this action, the court finds that any probative value is substantially outweighed by both the risk of confusing the jury on the issue (i.e., was plaintiff "totally disabled" under the terms of the Policy), and the risk of creating undue delay (e.g., an explanation of the SSA's practices and standards). See Fed. R. Evid. 403.

Fourth, plaintiff seeks to exclude the testimony of Barbara Mueller, defendant's insurance expert. Defendant proffers that it will no longer utilize Mueller because her testimony would pertain only to the bad faith claim, which is no longer part of this action. Therefore, this aspect of plaintiff's motion will be denied as moot.

Fifth, plaintiff seeks to exclude the testimony of Dr. Weber with respect to the bad faith claim. Having disposed of the bad faith claim, plaintiff's argument is moot. However, Dr. Weber's testimony is plainly relevant to the underlying issue of whether plaintiff was "totally disabled," in that Dr. Weber's testimony centers on the alleged lack of medical support for the link between stress and recurrence of cancer. As a result, we will not exclude any of Dr. Weber's testimony.

Sixth, plaintiff seeks to exclude documents related to defendant's handling of other cancer cases. Defendant asserts, though, that it does not plan on introducing the documents at trial. Rather, defendant claims that it's witnesses will reference generally their experience with other cancer cases when discussing the decision to discontinue plaintiff's total disability benefits. Given defendant's proffer regarding the documents, the court sees no need to issue an exclusionary ruling with regards to them at this time.

Seventh, plaintiff seeks to exclude revisions to certain depositions made

through errata sheets. Federal Rule of Civil Procedure 30(e) permits a deponent to change her deposition "in form or substance" within thirty days of her deposition. Both the original deposition and the subsequent changes, if any, are made a part of the record so that the deponent may be cross-examined as to why she opted to change her testimony. See <u>Thorn v. Sundstrand Aerospace Corp.</u>, 207 F.3d 383, 389 (7th Cir. 2000); <u>Titanium Metals Corp. v. Elkem Mgmt., Inc.</u>, 191 F.R.D. 468, 472 (W.D. Pa. 1998). We rule that the opportunity for cross-examination on any changes following a deposition is an adequate safeguard to ensure fairness. We will not, therefore, exclude the errata sheets.

Eighth, plaintiff seeks to exclude the demeanor testimony of some of defendant's employees. As discussed above, we will exclude both plaintiff's and defendant's proposed demeanor testimony.

Finally, through her second motion in limine, plaintiff seeks to preclude reference to her financial earnings and her malpractice liability insurance applications. We will deny plaintiff's motion for the same reasons we denied her first motion in limine to exclude information regarding her medical, financial, and occupational status.

**CONCLUSION:**

For all of these reasons, we will grant in part and deny in part both parties' motions in limine. An appropriate order follows.

      s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CYNTHIA ANNE DIVEGLIA, formerly CYNTHIA ANNE KAYLOR, Plaintiff, v. NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, Defendant. | : : : : : : : : : : | No. 1:CV-00-1342 (Judge McClure) |

## O R D E R

June 17, 2004

For the reasons set forth in the accompanying memorandum,

**IT IS ORDERED THAT:**

    1.    Defendant's first motion in limine (Rec. Doc. No. 70), is granted in part and denied in part as follows:

        a.    Plaintiff is precluded from presenting testimony regarding the demeanor of defendant's employees who initially processed her claim for disability benefits;

        b.    Plaintiff is precluded from eliciting any current expert opinion testimony from Dr. Borgen;

        c.    Defendant's motion is denied in all other respects.

2. Defendant's second motion in limine (Rec. Doc. No. 86), is granted in part and denied in part as follows:

    a. Plaintiff is precluded from eliciting any expert opinion testimony from Mark Brecher, Esq.;

    b. Defendant's motion is denied in all other respects.

3. Plaintiff's first motion in limine (Rec. Doc. No. 61), is granted in part and denied in part as follows:

    a. Defendant is precluded from making any reference to the denial of plaintiff's application for social security disability income;

    b. Defendant is precluded from presenting testimony regarding plaintiff's demeanor towards defendant's employees who initially processed her claim for disability benefits;

    c. Plaintiff's motion is denied in all other respects.

4. Plaintiff's second motion in limine (Rec. Doc. No. 71), is denied.

                                                  s/ James F. McClure, Jr.
                                                  James F. McClure, Jr.
                                                  United States District Judge