IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CYNTHIA ANNE DIVEGLIA, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | NO. 1: CV-00-1342 |
| v. | : | |
| | : | |
| NORTHWESTERN MUTUAL | : | |
| LIFE INSURANCE COMPANY, | : | |
| | : | |
| Defendant. | : | (Judge McClure) |
| | : | |

**DEFENDANT'S BRIEF IN SUPPORT OF
<u>MOTION FOR LEAVE TO FILE REPLY BRIEF</u>**

## I. INTRODUCTION

On or about May 17, 2004, both the plaintiff and the defendant filed

motions in limine.  At the time Defendant filed its motion, it did not have the

testimony of Plaintiff's expert, Dr. Borgan.  Dr. Borgan's trial testimony was taken

on May 27, 2004.

Northwestern did not receive this testimony until Plaintiff filed it as

an exhibit on June 8, 2004.  Although Dr. Borgan's testimony was not available

when Northwestern filed its motion in limine, Plaintiff relied on the transcript to

support her arguments in favor of admissibility.

Northwestern moves for leave to file a reply brief because

Northwestern wishes to address various issues raised in Plaintiff's Brief in

1

Opposition to Defendant's Motion in Limine. The most important issue is the reliability of Dr. Borgan's trial expert testimony, an issue that could not be addressed fully until Dr. Borgan was deposed.

## II. ARGUMENT

### A. Defendant's Request For Leave To File A Reply Brief Should be Granted Because Dr. Borgen's Trial Testimony Was Not Available to Defendant at the Time it Filed Its Motion In Limine.

As noted above, when Defendant filed its Motion in Limine on May 17, 2004, it did not have a copy of Dr. Borgen's trial testimony to incorporate into its Motion. As the Court will recall, Defendant was forced to file a motion to compel this deposition which is why it was not completed earlier in the case.

In fact, although the deposition of Dr. Borgen was taken on May 27, 2004, Defendant did not obtain a copy of the trial testimony until Plaintiff filed its Memorandum in Opposition to Defendant's Motion on June 8, 2004. Defendant wishes to address the issues raised by Plaintiff in its Memorandum in Opposition and to address portions of Dr. Borgen's opinion testimony because, in Defendant's view, it cannot withstand the Daubert challenge.

## III. CONCLUSION

Based upon the above, the Defendant respectfully requests that this Court grant its Motion for Leave to File A Reply Brief so that Defendant can

2

address issues raised in Plaintiff's Memorandum in Opposition and to have the

Court rule on its <u>Daubert</u> challenge to Dr. Borgen's trial testimony.

Respectfully submitted,

**STEVENS & LEE**

By:_____

E. Thomas Henefer
Attorney I.D. 55773
Kirk L. Wolgemuth
Attorney I.D. 45792
111 North Sixth Street
P.O. Box 679
Reading, PA 19603

Counsel for Defendant Northwestern Mutual
Life Insurance Company

SL1 453429v1/05843.001

## CERTIFICATION OF COUNSEL

I, KIRK L. WOLGEMUTH, certify that this matter was discussed

with Plaintiff's counsel, Archie Diveglia, Esquire and that he does not concur in

this Motion.

Dated: _June 16_ , 2004             _K. L. Wolgemuth_
                                        Kirk L. Wolgemuth

## CERTIFICATE OF SERVICE

I, KIRK L. WOLGEMUTH, ESQUIRE, certify that on this date I

served a true and correct copy of the foregoing Motion upon the following counsel

of record by U.S. Mail:

> Archie V. Diveglia, Esquire
> Two Lincoln Way West
> New Oxford, PA  17350

Dated: _June 16_ , 2004          _[signature]_
                                 Kirk L Wolgemuth