EMPLOYMENT OF INSURED
Rev. 1/95         Page 11

### Determining Disability

These examples may help clarify how we determine disability in a specialty occupation situation.

*Example One:*

A surgeon spends 70% of her time performing surgery and 30% of her time consulting with patients before and after surgery. All of her patients are referred by other physicians; when she determines that a patient does not need surgery, she refers the patient to another physician. This Insured's medical impairment prevents her from performing surgery, and she opens a family practice. *Is she totally disabled?*

*Yes.* All of her job duties directly related to surgery, all of her income was generated by surgery, and all of her patients sought surgery at the time she became disabled. Therefore, we view surgery as her principal duty, and, because she is unable to perform that duty, she is totally disabled.

*Example Two:*

An attorney spends 40% of his time in court, 20% of his time on litigation that is settled before trial, and 40% of his time doing estate planning. His medical impairment prevents him from practicing trial law, but he continues to do estate planning. Is he *totally* or *partially* disabled?

*Partially disabled with benefits based on income loss.* Although we recognize trial law as an occupational specialty, the Insured was not engaged in trial law full time at the time his disability began. Since he is still able to perform one of his principal duties -- estate planning -- he would be considered partially disabled.

*Example Three:*

A trial attorney spends 45% of his time in the courtroom litigating cases and 55% of his time taking depositions, meeting with clients, settling cases, and preparing for trials. All of his income comes from litigation work. His medical impairment prevents him from making court appearances. Is he *totally* or *partially* disabled?

*This Insured is totally disabled.* All of his duties are related to his ability to conduct trials and all of his income is generated by litigation work. All of his clients come to him because of his litigation ability. Once again, we have an Insured with only one principal duty (courtroom advocacy) who is totally disabled under our DI contracts because he is unable to perform that principal duty.

CONFIDENTIAL



EMPLOYMENT OF INSURED
Rev. 1/95          Page 12

**Procedures**

[1] Gather information that provides you with a clear understanding of the Insured's pre-disability and post-disability job duties and the exact percentage of time spent at each of these duties. This is crucial in determining whether the Insured was exclusively engaged in a professional specialty and is now unable to engage in that specialty. Resources for you to use are as follows:

- Pattern Letter 322 *(DI Miscellaneous Letters)* for physicians

- Job Comparison Statement *(15-1428)*

- Disability Phone Survey *(15-1454)* with a follow-up letter summarizing the conversation, providing space for any additional information, and requesting the Insured's signature to verify the verbal information provided

- MED PHYS function to verify professional credentials *(see Computer Functions and Applications Manual)*

- American Board of Medical Specialties toll-free hotline -- 1-800-776-2378 -- to determine if a physician meets advanced ABMS Board Certification Standards and in what specialties *(about 2/3 of the nation's licensed MDs are ABMS board certified)*

- Wisconsin Board of Specialties -- 1-608-266-2811 *(contact Corporate Information Services for addresses and phone numbers of specialty boards in other states)*

[2] If the Insured appears to meet the criteria, submit a written referral to your management referral person outlining the information you've obtained.

[3] Even if you determine that the Insured is exclusively engaged in a specialty occupation at the time disability began, the Insured must be unable to perform the principal duties of that specialty occupation in order to qualify as totally disabled. For the surgeon specialty, there is only one principal duty -- the ability to perform surgery. There is also only one principal duty for the trial law specialty -- the ability to advocate in court on behalf of a client.

For other specialty occupations, such as a physician specializing in internal medicine, there are several principal duties based on the nature of the Insured's practice.

CONFIDENTIAL