PHONE: (717) 236-5985
FAX: (717) 231-4083
ATTORNEYS AT LAW
119 LOCUST STREET
HARRISBURG, PENNSYLVANIA 17101

COPY

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CYNTHIA ANNE DIVEGLIA<br>formerly CYNTHIA ANNE KAYLOR<br>Plaintiff<br><br>v.<br><br>NORTHWESTERN MUTUAL LIFE<br>INSURANCE COMPANY<br>Defendant | 1:CV-00-1342<br><br>Civil Action No. _____ |

FILED
HARRISBURG, PA
JUL 2 8 2000
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

## PLAINTIFF'S ORIGINAL COMPLAINT

### A. Parties

1. Plaintiff is an adult individual who is a citizen of the Commonwealth of Pennsylvania.

2. Defendant is a corporation that is incorporated under the laws of a State other than Pennsylvania. Defendant has its principal place of business in the State of Wisconsin, with no registered agent with the Commonwealth of Pennsylvania. However it does maintain a sales office at 100 Pine Street, Harrisburg, Pennsylvania.

### B. Jurisdiction

3. The court has jurisdiction over the lawsuit under 28 U.S.C. § 1332 (a) (1) because the Plaintiff and Defendant are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

### C. Plaintiff's Demand for Jury Trial

4. Plaintiff, Cynthia A. Diveglia, asserts her rights under the Seventh Amendment of the U.S. Constitution demands a trial by jury on all issues, in accordance with the Federal Rule of Civil Procedure 38.

(2)

### D. Conditions Precedent

5. On July 25, 1994, the Defendant issued to Plaintiff a contract for insurance that provided for disability income in the event of her disability from her regular occupation as a trial attorney (See Exhibit A).

6. On April 24, 1997, Plaintiff became disabled from her regular occupation and timely filed for disability benefits, and provided proof of disability up to and including the present. In all other respects, Plaintiff performed all the terms and conditions precedent of the disability policy.

### E. Count 1 - Breach of Contract

7. Defendant paid to plaintiff the disability benefits provided by the contract relating to her disability from her regular occupation as a trial lawyer through March 2000.

8. Plaintiff continued to perform her obligations under the contract by providing medical documentation in the form of Attending Physician Statements and physician responses to defendant's specific questionnaire all of which supported ongoing disability.

9. Despite providing the medical documentation, the Defendant by letter dated April 14, 2000, denied further benefits on the basis: "The documentation provided does not support ongoing disability due to medical restrictions or limitations."

10. Defendant's non-performance of its contractual obligation to pay disability benefits when it received the necessary medical documentation of continuing disability constitutes a breach of the parties agreement.

### F. Count 2 - Bad Faith

11. The Statutes of the Commonwealth of Pennsylvania provide that if the Court finds that an insurer has acted in bad faith toward the insured, a claim exists against the insurer. 42 Pa. C.S.A.§ 8371.

12. Defendant has acted in bad faith throughout its dealings with Plaintiff and by terminating Plaintiff's disability benefits on the basis that the medical documentation provided does not support ongoing disability. Such a determination in light of the medical documentation supporting ongoing disability was an unreasonable basis for denial since the defendant knew of the documentation and acted in reckless disregard of the treating physician's documentation.

### G. Damages

13. As a direct and proximate result of Defendant's breach and bad faith, plaintiff has suffered and is entitled to receive the following damages:

   a.. Continuation of the monthly disability benefits from April 2000 through the

    b. Continuation of the waiver of premium through the foreseeable future;

    c. Interest on the unpaid disability benefits equal to the prime rate plus 3%;

    d. Punitive damages.

### G. Attorney Fees

14. As a result of Defendant's bad faith Plaintiff is entitled to the reasonable value of attorney fees and court costs under 42 Pa.C.S.A.§ 8371 (3).

### H. Prayer

15. For reasons set forth above, Plaintiff asks for judgment against defendant for:

    a.. $5,949 monthly since April 2000 and continuing;

    b. $4,567.66 yearly for the premium on the policy from July 2000 into the foreseeable future;

    c. Punitive damages;

    d. Court costs and reasonable attorney fees;

    e. Interest;

    f. Costs of suit.

Respectfully submitted,

By: _____
Archie V. Diveglia. Esq.
PA. Attorney I.D. 17104
119 Locust Street
Harrisburg, PA 17101
Telephone: (717) 236-5985
Fax: (717) 231-4083

DIVEGLIA AND KAYLOR, P.C.    ATTORNEY IN CHARGE FOR
Plaintiff, Cynthia A. Diveglia