IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CYNTHIA ANNE DIVEGLIA, : CIVIL ACTION NO. 1: CV-00-1342
          Plaintiff, :
     v. :
NORTHWESTERN MUTUAL LIFE :
INSURANCE COMPANY, :
          Defendant. :
: (Judge Rambo)

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S COMPLAINT

Defendant Northwestern Mutual Life Insurance Company ("Northwestern") hereby sets forth its answer and affirmative defenses to Plaintiff's complaint.

### ANSWER TO COMPLAINT

**Parties**

1. Admitted.

2. Admitted in part and denied in part. It is denied that Northwestern maintains a sales office in Harrisburg as any such sales office would be an office of an independent contractor. The remaining averments in paragraph 2 of the complaint are admitted.

**Jurisdiction**

3. Denied. The averments contained in paragraph 3 of the complaint are conclusions of law to which no response is required.

(3)

**Plaintiff's Demand For A Jury Trial**

4. Denied. The averments contained in paragraph 4 of the complaint are conclusions of law to which no response is required.

**Conditions Precedent**

5. Admitted in part and denied in part. It is admitted only that Northwestern issued a disability policy to plaintiff with a date of issue of July 28, 1994. It is denied that the averments in paragraph 5 of the complaint accurately or completely summarize the relevant terms of the policy which is in writing and speaks for itself.

6. Admitted in part and denied in part. It is admitted only that plaintiff filed a claim for benefits and that Northwestern paid certain disability benefits. The remaining averments are denied.

**Count I – Breach Of Contract**

7. Admitted in part and denied in part. It is admitted only that plaintiff filed a claim for benefits and that Northwestern paid certain disability benefits. It is denied that the averments in paragraph 7 of the complaint accurately or completely summarize the relevant terms of the policy relating to when benefits are payable. To the contrary, the policy is in writing and speaks for itself.

8. Denied.

9. Admitted in part and denied in part. It is admitted only that Northwestern denied benefits. It is denied that the averments in paragraph 9 of the complaint accurately or completely summarize the relevant terms of the letter which is in writing and speaks for itself.

10. Denied.

### Count II – Bad Faith

11. Denied. The averments contained in paragraph 11 of the complaint are conclusions of law to which no response is required.

12. Denied.

### Damages

13. Denied.

### Attorney Fees

14. Denied.

### Prayer

15. Denied.

WHEREFORE, Defendant respectfully requests the Court to enter judgment in its favor together with such costs and fees as are permitted by law.

### AFFIRMATIVE DEFENSES

1. Plaintiff's complaint fails to state a claim upon which plaintiff can recover.

2. Plaintiff's complaint fails to state a claim under Pennsylvania's insurance bad faith statute, 42 Pa. C.S.A. § 8371.

3. Plaintiff is not entitled to recover attorneys' fees and costs under 42 Pa. C.S.A. § 8371 or otherwise.

4. Plaintiff's claims may be barred by applicable statutes of limitation and/or contractual limitation of action provisions.

5. Plaintiff is not entitled to the benefits she seeks because, among other things, she is not disabled within the meaning of the policy.

6. Plaintiff's claims may be barred by the doctrines of waiver, estoppel and/or

laches.

7. To the extent plaintiff's complaint could be construed as requesting extra-contractual damages, the complaint fails to state a claim upon which relief can be granted.

8. To the extent Plaintiff's complaint seeks an award of punitive damages, the complaint fails to state a claim upon which relief can be granted because even if Defendant's determination of benefits under the policy was incorrect (which is denied), Defendant's conduct did not rise to the level which would support an award of punitive damages and any award of punitive damages in this action would violate Defendant's constitutional rights including Defendant's rights under the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section 1 of the Pennsylvania Constitution.

9. Plaintiff's claims are barred because Defendant's conduct in this case was justified and/or privileged.

10. Plaintiff is not entitled to recover in this case because, among other things, the decision to deny plaintiff's claim was a reasonable, correct and appropriate decision.

11. Plaintiff is not entitled to recover in this case because, among other things, Defendant properly applied the terms of the policy and complied with all of its obligations under applicable law in reviewing and deciding plaintiff's claim.

12. Plaintiff is not entitled to recover in this case because, among other things, she failed to comply with her burden to submit sufficient proof of her alleged disability.

13. Any entitlement to benefits (the existence of which is denied) may be subject to certain monthly benefit reductions.

14. Even if plaintiff is entitled to benefits at this time, which is denied, such immediate entitlement does not mean that plaintiff has an entitlement to unlimited future benefits

SL1 94895v1/05843.001

given, <u>inter</u> <u>alia</u>, the possibility for future recovery from any disabling conditions (the existence of which is denied), as well as the effect of different policy requirements, exclusions and/or limitations.

15. Plaintiff's claims are barred in whole or in part by the doctrine of mitigation and her failure to mitigate her alleged damages.

WHEREFORE, Defendant respectfully requests the Court to enter judgment in its favor together with such costs and fees as are permitted by law.

**STEVENS & LEE**

By *E. Thomas Henefer* (signature)
E. Thomas Henefer
Attorney I.D. No. 55773
111 North Sixth Street
P.O. Box 679
Reading, Pennsylvania 19603
(610) 478-2000

Attorneys for Defendant, Northwestern Mutual Life Insurance Company

SL1 94895v1/05843.001

-6-

## CERTIFICATE OF SERVICE

I, E. THOMAS HENEFER, ESQUIRE, certify that I served a true and correct copy of the foregoing answer upon the following counsel of record, by depositing the same in the United States mail, postage prepaid, this date, addressed as follows:

Archie V. Diveglia, Esquire
Diveglia and Kaylor, P.C.
119 Locust Street
Harrisburg, PA 17101

E. Thomas Henefer

Date: 9/7/00

SL1 94895v1/05843.001