BROWN & JONES REPORTING, INC.

IN THE UNITED STATES DISTRICT COURT FOR THE

MIDDLE DISTRICT OF PENNSYLVANIA

-------------------------------------------------

CYNTHIA ANNE DIVEGLIA formerly CYNTHIA ANNE KAYLOR,

        Plaintiff,

   -vs-                    Case No. 1-CV-00-1342

NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY,

        Defendant.

-------------------------------------------------

        Video Examination of DAVID GOSSE, taken at the instance of the Plaintiff, under and pursuant to the Federal Rules of Civil Procedure, pursuant to Notice, before JANE M. JONES, a Certified Realtime Reporter, Registered Merit Reporter and Notary Public in and for the State of Wisconsin, at Brown & Jones Reporting, Inc., 312 East Wisconsin Avenue, Milwaukee, Wisconsin, on the 24th day of April, 2001, commencing at 2:02 p.m. and concluding at 2:55 p.m.

(1)

1    A    Again, I've answered your question by saying that
2         you can't ignore what's gone on before that.
3    Q    So you're admitting then that there is nothing in
4         the letter of April 14th, 2000, that sets forth
5         anything on lack of medical documentation?
6    A    I stand on my answer to the question.
7    Q    Would you answer my question?  Is there anything in
8         the letter of April 14th, 2000, that says that the
9         termination was for anything other than medical
10        documentation?
11   A    I'm sorry.  I have answered your question.
12   Q    The answer is no, is that correct?
13   A    The answer is that all of the information that has
14        gone on before, all of the requests are needed.
15             MR. HENEFER:  Can we go off the record
16        for a second?
17             VIDEOGRAPHER:  We're off the record at
18        2:45 p.m.
19             (Short recess.)
20             VIDEOGRAPHER:  We are back on the record
21        at 2:47 p.m.
22   BY MR. DIVEGLIA:
23   Q    Do you have something more to offer us?
24   A    Yes.  This particular letter does not cite the
25        other reasons why, as other letters do, as to

```
 1            reason for termination.
 2     Q      Sure.  Typically when you terminate, there is the
 3            whole laundry list for termination, but here there
 4            was only one, is that right?
 5     A      This particular letter cites just one.
 6     Q      And in fact, this whole file was rereviewed,
 7            de novo, from the beginning, wasn't it, by Sharon
 8            Hyde?
 9     A      I was -- I left the company at that point.  I can't
10            testify to that.
11     Q      Okay.  Isn't it correct that you could have easily
12            sent this file to an outside consultant, an
13            oncologist, that was one of the things that you
14            folks could have done and said, look, here is what
15            Drs. Seidman and Borgen are saying, what do you
16            think, is this reasonable, does this make any sense
17            to you?  You could have done that, couldn't you?
18     A      I understand our medical consultants considered
19            that, and I would defer to them in that regard.
20     Q      Well, but you're -- you're overlooking this.
21            You're involved in the decision to terminate.  In
22            fact, I think your testimony today was, you're the
23            guy who terminated.  Are you the terminator?
24                   MR. HENEFER:  Objection to the form of
25            the question.
```