

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CYNTHIA ANNE DIVEGLIA | § | |
| formerly CYNTHIA ANNE KAYLOR | § | |
| Plaintiff | § | |
| | § | Civil Action No.  1 CV-00-1342 |
| v. | § | |
| | § | |
| NORTHWESTERN MUTUAL LIFE | § | |
| INSURANCE COMPANY | § | |
| Defendant | § | (Judge James McClure) |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION
TO
ADD EXHIBITS TO PRE-TRIAL EXHIBIT LISTING**

I. STATEMENT OF RELEVANT FACTS

Plaintiff' Complaint for continuing disability benefits was for total disability benefits only.  Defendant did not assert an affirmative defense of partial disability.  Throughout the proceedings, Plaintiff has consistently maintained that since the singular stated reason for termination of disability benefits was lack of medical documentation of disability, earning information was not relevant.  Plaintiff filed two Motions in Limine in that regard (October 2001 and May 2004) but neither Motion was ruled upon at the time of the Pre-trial Conference, on June 3, 2004.

1

Plaintiff, under the rules and Order of Court relating to Pre-trial Memorandums, was required to set forth her exhibits in her Pre-trial Memorandum.

On June 17, 2004, the Court denied Plaintiff's Motions in Limine as to related to annual wage loss information based upon the court's finding that the defendant could raise the defense of partial disability thus implicating earnings information (Memorandum at 12-13).

The Contract in question, however, provides for payments of partial disability benefits (Proportionate benefits) based on a comparison of each month's earnings compared to pre-disability earnings. (App. 1) The information defendant seeks to introduce into evidence is annual earnings (w-2 statement). Now that the Court, by its June 17, 2004, Order will allow such evidence, Plaintiff seeks to introduce documents that set forth monthly income information which will allow the jury to make the proper comparison.

The documents in question were previously provided to the defendant in April 2004, and on June 10, 2004.

## II. STATEMENT OF ISSUE INVOLVED

WHETHER PLAINTIFF SHOULD BE PERMITTED TO AMEND HER EXHIBIT LIST THAT WAS PREPARED FOR PRE-TRIAL BUT PRIOR TO THE COURT'S RULING ON MOTIONS IN LIMINE?

## III. ARGUMENT

**Plaintiff should be permitted to amend her exhibit list because the documents are crucial if the jury is to properly determine proportionate benefits, the Plaintiff was not dilatory and the defendant is not prejudiced.**

The court in its memorandum allowing financial information stated one of the reasons for the allowance was that the defendant could defend the claim for total disability on the ground Plaintiff was actually only partially disabled thus implicating financial information. However, the contract relating to proportionate payment clearly states that proportionate payment is to be made on a month to month earnings comparison (Pre-disability base monthly income versus current monthly income) (Section 2.4 of Appendix 1). Therefore, at issue on proportionate payment is Plaintiff's income for each month from March 2000, through December 2002.

If only annual income information in the form of W-2 statements are used

the jury will not have a basis to determine monthly income for the months in question. Only an average could be used. This would be an inaccurate reflection of Plaintiff's monthly income for each month because Plaintiff's earnings were not constant, with most of her earnings occurring in the months of January, November, and December of each year as reflected in the earning cards (App. 2). Therefore, unless Plaintiff can introduce these documents, the total amount of proportionate disability payments will be substantially below the actual amount she is due under the policy. Defendant in its Pre-Trial Memorandum calculated the amount for the years in question to total $61, 249 (using an average yearly income from the total income from the W-2). Whereas the actual amount due for these three years using the month by month determination prescribed under the contract (Section 2.4 App. 1) would be $138,522.45, a significant difference. Therefore denying Plaintiff the right to list and use the exhibits would result in an inaccurate and unjust verdict.

Plaintiff should be permitted to amend her Exhibit List to add the month by month income documents because until the Court Order of June 17, 2004, she reasonably believed the court would rule all income documents were not relevant due to the singular stated reason for terminating her benefits, as "lack of medical documentation." Additionally, Plaintiff could not locate the monthly earnings

statement despite a diligent and through search for the office complex and only obtained the same from her accountant on June 9, 2004, approximately one week after the pre-trial conference.

Plaintiff promptly provided the income statements to defendant on June 10, 2004. The "Fees Received Journal entries were provided to the defendant in April of 2004. Further, the documents are not complicated, but in fact simplistic. The defendant has had more than sufficient time to review and analyze them and thus could not be prejudiced by their introduction into evidence by Plaintiff.

## IV. CONCLUSION

Plaintiff should be allowed to add additional documents to its Exhibit List because their absence on the Pre-trial list is reasonable, the defendant is not prejudiced since by the trial date the additional documents were available for five weeks to defendant, and to deny the addition of these documents to plaintiff's exhibit list would result in an inaccurate verdict and severely prejudice the Plaintiff

Respectfully submitted,

By: _____
Archie V. Diveglia. Esq.
PA. Attorney I.D. 17104
2 Lincoln Way West
New Oxford, PA 17350
Telephone: (717) 624-2500
Fax: (717) 624-3851

DIVEGLIA AND KAYLOR, P.C.          ATTORNEY IN CHARGE FOR
                                    Plaintiff, Cynthia A. Diveglia

## CERTIFICATE OF SERVICE

I, ARCHIE V. DIVEGLIA, attorney for Plaintiff Cynthia A. Diveglia, on this 22 nd day of June, 2004, do hereby state that I have served a copy of <u>Plaintiff's Brief in Support of Motion to Add Exhibits to Pre-Trial Exhibit List</u> and Appendix upon counsel for Defendant by placing a copy of the same in the United States mail, first class, postage prepaid to:

E. Thomas Henefer, Esquire
Stevens & Lee located at
P.O. Box 679
Reading, PA 19603-0679

Respectfully submitted,

By: _____
Archie V. Diveglia Esq.
PA. Attorney I.D. 17140
2 Lincoln Way West
New Oxford, PA 17350
Telephone: (717) 624-2500
Fax: (717) 624-3851

DIVEGLIA AND KAYLOR, P.C.

ATTORNEY IN CHARGE FOR
Plaintiff, Cynthia A. Diveglia

7