IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CYNTHIA ANNE DIVEGLIA, | : |
| | : CIVIL ACTION NO. 1:CV-00-1342 |
| v. | : |
| | : (JUDGE JAMES MCCLURE) |
| NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY | : |

**DEFENDANT'S BRIEF IN OPPOSITION
TO MOTION FOR RECONSIDERATION**

**I. INTRODUCTION**

On June 17, 2004 this Court issued an order on the parties' motions in limine. Ruling on Plaintiff's motion, the Court held that it "will not exclude information or testimony on plaintiff's medical, financial, and occupational status" (6/17/04 Opinion p. 12). The Court relied upon its prior decision granting Northwestern's motion to compel and finding this information relevant. (Id.) In its recent opinion, the Court also held that "defendant can also defend on the ground that plaintiff was actually proportionately disabled rather than totally disabled, which directly implicates plaintiff's financial and occupational status." (Id. at 12-13).

Despite the Court's sound reasoning, Plaintiff has filed a motion for reconsideration. Plaintiff's arguments are meritless as outlined below.

1

## II. ARGUMENT

### A. <u>Plaintiff has not alleged proper grounds for the Court to reconsider its prior decision.</u>

There are very few accepted reasons for granting a motion for reconsideration, and none are present here. Motions for reconsideration are granted sparingly and only when:

(1) there has been an intervening change in controlling law;

(2) new evidence has become available; or

(3) there is a need to prevent manifest injustice or correct a clear error of law or fact.

<u>Greene v. London Harness & Cable</u>, 2001 U.S. Dist. LEXIS 4254, *3 (April 4, 2001, E.D. Pa.), <u>aff'd.</u>, 32 Fed. Appx. 29 (3d Cir. 2002); <u>Allianz Ins. Co. v. Pennsylvania Orthopedic Associates, Inc., et al.</u>, 1998 U.S. District LEXIS 12731, *2 (August 14, 1998, E.D. Pa.) (citing <u>Harsco Corp. v. Zlotnick</u>, 779 F.2d 906, 909 (3d Cir. 1985), <u>cert. denied</u>, 476 U.S. 1171 (1986); <u>The Assisted Living Group, Inc. v. Upper Dublin Twp.</u>, 1997 U.S. Dist. LEXIS 19554, *3 (December 8, 1997, E.D. Pa.).

The purpose of a motion for reconsideration is *not* for the "unsuccessful party to 'rehash' the arguments and facts previously presented." <u>Keyes v. National Railroad Passenger Corp.</u>, 766 F. Supp. 277, 280 (E.D. Pa. 1991) (citation omitted). A motion for reconsideration is therefore not properly

grounded on a request that the court rethink a decision that it has already made or dissatisfaction with that decision. E.g., Allianz Ins. Co., 1998 U.S. District LEXIS 12731 at *5. Further, motions for reconsideration are not favored and should be granted sparingly, "because of the interests in finality and conservation of scarce judicial resources." Pennsylvania Ins. Guar. Ass'n v. Trabosh, 812 F. Supp. 522, 524 (E.D. Pa. 1992).

Here, Plaintiff is not satisfied with the Court's prior decision but has not set forth appropriate grounds for reconsideration. Instead, Plaintiff repeats the argument set forth in her motion in limine that the only issue before the Court and the jury is that Northwestern terminated benefits because of lack of medical documentation (Plaintiff's Brief pp. 3-5).

But the Court rejected this position in its June 17, 2004 Memorandum. The Court held that simply because Plaintiff failed to provide financial and occupational information does not prevent Northwestern from reviewing and examining that information to determine if other grounds exist for termination or reduction in benefits including proportionate disability (6/17/04 Opinion pp. 12-13). Thus, Plaintiff has not raised a proper ground for reconsideration and her motion must be denied.

### B. The issue of proportionate disability is not an affirmative defense.

Next, Plaintiff argues that the Court should reconsider its decision on allowing evidence to establish proportionate disability because Plaintiff did not plead proportionate disability and defendant did not plead the "affirmative defense" of proportionate disability. (Plaintiff's Brief p. 5, 7-8). This argument is waived because Plaintiff failed to raise it before seeking reconsideration. Liberty Travel, Inc. v. Friedman and Siegelbaum, LLP, 2000 U.S. Dist. LEXIS 865 at * 4 (E.D. Pa. Jan. 24, 2000)("A motion for reconsideration may not be used to raise new arguments that could have been made in support of the original motion."); Precision Printing Co., Inc. v. Unisource Worldwide, Inc., 1998 U.S. Dist. LEXIS 1796 at *8 n.5 (W.D. Pa. Feb. 18, 1998).

In any event, partial or proportionate disability is not an affirmative defense. It is merely a calculation of benefits if plaintiff proves she is entitled to benefits. Thus, Defendant did not have to assert proportionate disability as an affirmative defense in its answer.

And even if proportionate disability had to be raised as an affirmative defense, it was in fact raised. Paragraphs 13 and 14 of Defendant's Answer with Affirmative Defenses specifically states that plaintiff's claim for benefits may be subject to reductions or limitations pursuant to the provisions of the policy. In this case, the policy provides for proportionate disability. Northwestern can therefore

SL1 455887v1/05843.001

defend this case by establishing that plaintiff was able to continue to perform trial work although perhaps less trials or less complex trials.

Similarly, Northwestern can defend this matter by proving that plaintiff did not devote a significant portion of her time to courtroom advocacy. Plaintiff had only one or two trials a year and spent the majority of her time outside of the courtroom.

Plaintiff argues that proportionate disability benefits are not available under the policy where the insured is a trial lawyer because her only principal duty is courtroom advocacy. (Plaintiff's Brief, p. 7). But the jury must decide what plaintiff's occupational duties were. Thus, Northwestern has argued, and the Court has ruled, that financial information is relevant because it will allow the jury to determine what Plaintiff's job duties were and whether she was eligible for proportionate disability under the terms of the policy. Just because Plaintiff claims her sole job duty was courtroom advocacy does not mean the jury will believe this upon learning what her job duties were and what job duties she was performing when she returned. Thus, the financial information is relevant and must be admitted into evidence.

SL1 455887v1/05843.001

## III. CONCLUSION

Based upon the above, Northwestern respectfully requests that Plaintiff's Motion for Reconsideration be denied in its entirety.

Dated: June 25, 2004

STEVENS & LEE

By *E. Thomas Hennefer*
E. Thomas Hennefer
Attorney I.D. No. 55773
Kirk L. Wolgemuth
Attorney I.D. No. 45792
111 North Sixth Street
P.O. Box 679
Reading, Pennsylvania 19603
(610) 478-2000

Attorneys for Northwestern Mutual Life Insurance Company

SL1 455887v1/05843.001

## CERTIFICATE OF SERVICE

I, E. THOMAS HENEFER, ESQUIRE, certify that on this date, I served a certified true and correct copy of the foregoing Defendant's Brief in Opposition to Motion for Reconsideration upon the following counsel of record, by depositing the same in the United States mail, postage prepaid, addressed as follows:

        Archie B. Diveglia, Esquire
        2 Lincoln Way West
        New Oxford, Pennsylvania  17350

                      /s/ E. Thomas Henefer

Date:  June 25, 2004