IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CYNTHIA ANNE DIVEGLIA, | : | |
| formerly CYNTHIA ANNE | : | |
| KAYLOR, | : | No. 1:CV-00-1342 |
| Plaintiff, | : | |
| v. | : | (Judge McClure) |
| | : | |
| NORTHWESTERN MUTUAL LIFE | : | |
| INSURANCE COMPANY, | : | |
| Defendant. | : | |

**O R D E R**

June 29, 2004

**BACKGROUND:**

This case involves the allegedly wrongful discontinuance of total disability benefits under a disability policy that plaintiff, attorney Cynthia Anne Diveglia, holds with defendant, Northwestern Mutual Life Insurance Company.

By Memorandum and Order dated June 17, 2004, the court disposed of the parties' pending motions in limine. A settlement conference between the parties before Magistrate Judge Mannion is scheduled for July 1, 2004. The case is scheduled for trial in July.

Currently before the court is plaintiff's motion for reconsideration regarding the court's June 17, 2004 Memorandum and Order. Plaintiff asks the court to

reconsider its earlier decision to not preclude defendant from presenting testimony or documents relating to her financial information, earnings, and insurance.  Plaintiff argues that such information is not relevant because the only reason defendant discontinued benefits was the alleged lack of medical information.  Plaintiff also argues that defendant is not able to introduce such information as part of a defense that plaintiff was actually proportionately disabled.

Also before the court is plaintiff's motion to add exhibits to the pre-trial exhibit list given the court's earlier in limine ruling.  For the following reasons, we will deny plaintiff's motion for reconsideration, and grant her motion to add exhibits to the pre-trial exhibit list.

## DISCUSSION:

Under Rule 59(e) a judgment may be altered or amended if the moving party demonstrates "'at least one'" of three possible grounds: "'(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'"  Ogden v. Keystone Residences, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (quoting Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)).  Plaintiff's motion roughly falls within the third category.

The crux of plaintiff's argument rests on her belief that the narrow question at trial will be whether defendant wrongfully discontinued disability benefits in the face of the medical documentation provided by plaintiff. Yet, while defendant did cite the lack of medical documentation as the reason for discontinuing benefits, the question at trial cannot be so narrow. In a breach of insurance contract action, "[t]he burden is on the insured to establish coverage under an insurance policy." Nationwide Mut. Ins. Co. v. Cosenza, 258 F.3d 197, 206 (3d Cir. 2001) (citing Erie Ins. Exchange v. Transamerica Ins. Co., 533 A.2d 1363, 1366-67 (Pa. 1987)); see also Lasser v. Reliance Standard Life Ins. Co., 344 F.3d 381, 391 (3d Cir. 2003) (insured bears initial burden in ERISA context); Abnathya v. Hoffman-La Roche, Inc., 2 F.3d 40, 46 (3d Cir. 1993) (same). Plaintiff's burden at trial, therefore, will be to make a *prima facie* showing that she was totally disabled (through medical evidence or otherwise), and that defendant nevertheless discontinued her disability benefits.

Defendant may then present evidence that either disproves plaintiff's *prima face* showing, or evidence that proves an affirmative defense. Defendant only bears the burden of carrying affirmative defenses. Thus, defendant is free to proffer evidence that tends to disprove plaintiff's claim that she was totally disabled, such as by offering relevant medical, financial, and occupational evidence which tends to

-3-

show that plaintiff was not, in fact, totally disabled within the meaning of the policy. If the question at trial was as narrow as plaintiff suggests, then the initial burden would fall improperly to defendant to prove that plaintiff's medical documentation was insufficient. Such a result would run contrary to long-established burdens of proof. See generally Doe v. Provident Life & Accident Ins. Co., No. 96-3951, 1997 U.S. Dist. LEXIS 5462, at *4 (E.D. Pa. Apr. 23, 1997); Fleishman v. General American Life Ins. Co., 839 A.2d 1085, 1087, 1089 (Pa. Super. Ct. 2003); Butterfield v. Giuntoli, 670 A.2d 646, 651-52 (Pa. Super. Ct. 1996).

On the other hand, defendant bears the burden of establishing affirmative defenses. The court agrees with defendant that defendant adequately plead proportionate disability as an affirmative defense in its answer by specifically stating that plaintiff's claim for benefits may be subject to reductions or limitations pursuant to the provisions of the policy. (See Def.'s Ans., Rec. Doc. No. 6, at ¶¶13-14.) Proportionate disability would be a policy provision that reduces or limits plaintiff's claim for benefits. Whether the proportionate disability provision applies is a question for the jury.

Accordingly, the court sees no clear error of law or fact, or manifest injustice, that requires modification of the court's earlier in limine ruling. The court will therefore deny plaintiff's motion for reconsideration.

Additionally, also pending is plaintiff's motion to add exhibits to the pre-trial exhibit list. Plaintiff filed this motion shortly after the court's in limine ruling. Plaintiff seeks to add exhibits illustrating her income on a monthly basis, such as payroll cards and fees-earned journal entries. Plaintiff claims that she did include these documents on the exhibit list because she thought that financial information was irrelevant to her case. Given the court's in limine ruling, however, she now wishes to introduce the exhibits as evidence because financial information that the court did not exclude, such as he W-2 statements, reflect plaintiff's yearly earnings. Plaintiff wishes to offer evidence of her monthly earnings to portray a more accurate picture of her finances if defendant introduces her yearly earnings. Plaintiff asserts that the proposed exhibits have been disclosed to defendant in April and June of 2004.

In March of 2004, the court had previously ruled that all financial and occupational information was discoverable, so it should not have come as a complete surprise to plaintiff that such information might be introduced at trial. Nonetheless, the court will excuse plaintiff's failure to include the proposed exhibits on the pre-trial exhibit list because the exhibit list was due before the court made its in limine ruling. Defendant will suffer negligible prejudice because it likely intends to introduce plaintiff's financial information itself and it already has the proposed

-5-

exhibits.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Plaintiff's motion for reconsideration (Rec. Doc. No. 100), is denied.

2. Plaintiff's motion to add exhibits to pre-trial exhibit list (Rec. Doc. No. 103), is granted.

        s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge